## CARR v. NOAH ET AL.

[No. 3,952.  Filed December 18, 1901.]

APPEAL AND ERROR.—*Bill of Exceptions.—Judge's Signature.—Change of Judicial Circuits.*—Under the act of 1899 (Acts 1899, p. 198), changing certain judicial circuits, and providing that the judge before whom a trial is in progress is authorized to conduct the

same to judgment and approve and sign bills of exception therein, and in all cases where any judge of any circuit affected by such act shall have any question under advisement, or on trial, or pending for any purpose whatever, such judge shall proceed to determine the same, and do all acts necessary to the completion thereof the same as if the act had not been passed, the bill of exceptions must be signed by the judge who tried the cause, he being still in office, and not by his successor in the county.

From Decatur Circuit Court; *F. T. Hord*, Judge.

Action by W. R. Noah and others against V. N. Carr. From a judgment for plaintiffs, defendant appeals. *Affirmed.*

*B. F. Bennett* and *T. E. Davidson*, for appellant.
*H. Wickens* and *J. W. Osborn*, for appellees.

COMSTOCK, C. J.—Appellees, who were plaintiffs below, recovered a judgment against appellant for $20 damages for the diversion by appellant of a stream of water from its natural channel. The errors assigned are the action of the trial court in overruling appellant's demurrer to the complaint, and in overruling his motion for a new trial. The only questions discussed are founded upon the following reasons set out in the motion for a new trial: (1) The decision of the court is not sustained by sufficient evidence, and (2) the damages assessed are excessive.

For the decision of the questions presented, an examination of the evidence becomes necessary. Counsel for the appellees for the following with other reasons insist that the evidence is not properly in the record. "The bill of exceptions should have been signed by the judge who tried the cause and not by his successor." The judgment was rendered September 30, 1899. The court takes judicial notice that at that date Rush and Decatur counties constituted the eighth judicial circuit, of which the Hon. Douglass Morris was the sole judge, and that Bartholomew and Brown counties constituted the ninth judicial circuit, of which the Hon. Francis T. Hord was the sole judge. By an act of the General Assembly of 1899, Acts 1899, 198,

199, 200, Decatur and Bartholomew counties became the ninth judicial circuit with judge Hord as judge, and judge Morris became judge of the circuit composed of Rush and Shelby counties, composing the sixteenth judicial circuit.

It appears from the record before us that the cause was tried before judge Morris as judge of the eighth judicial circuit, and that the motion for a new trial was by said judge overruled and time given within which to file the bill of exceptions. The bill of exceptions is signed by judge Hord, as judge of the ninth judicial circuit, within the time given by judge Morris.

Section 10 of the act of the General Assembly above referred to reads as follows: "That in all cases on trial in any of the counties affected by this act at the time of the expiration of the present term of the prosecuting attorney of the ninth judicial circuit of the State of Indiana, the judge before whom such trial is in progress is authorized to conduct the same to judgment and approve and sign bills of exception therein and to do and perform all other acts necessary to the full completion of the same." Section 11 of the same act contains the following: "Provided, That if any of the judicial circuits affected by this act shall be so changed that the judge of any circuit, as constituted by this act shall not be the judge of a circuit composed of the same counties as before the expiration of the present term of the prosecuting attorney of the ninth judicial circuit of the State of Indiana, and in all cases where any judge of any circuit affected by this act, shall have any questions under advisement, or on trial, or pending for any purpose whatever, such judge shall proceed to determine the same, and *do all acts necessary to the completion thereof, the same as if this act had not been passed.*" (The italics are our own.) The statute is conclusive of the question, and we must hold that the evidence is not before us.

While "our decisions declare that where a judge dies or goes out of office by resignation, or because of the expira-

tion of his term, he can not sign the bill of exceptions, but that it must be signed by his successor" (Elliott's App. Proc. §799), the act before us makes the logical provision for the signing of an instrument importing absolute verity by one who has knowledge rather than by one who has not knowledge of the matters it assumes to state.

Appellees' position is well taken, and the judgment is affirmed.