Fink v. Montgomery.

---

## FINK v. MONTGOMERY.

[No. 20,089. Filed November 24, 1903. Rehearing denied April 1, 1904.]

RECEIVERS.—*Appointment.—Partnership.*—Where in an action by a partner to obtain an accounting and settlement of the partnership affairs the complaint charged, and the evidence established, that defendant was unnecessarily exposing the assets of the late firm to waste and loss, and misappropriating the assets, to the damage of plaintiff; that he had collected and refused to divide $308, and failed to charge himself on the books of the firm with the amount of the accounts he had collected; that he took notes of debtors of the firm payable to himself, to the exclusion of plaintiff, and sold the notes and appropriated the proceeds to his own use, the court was authorized to appoint a receiver. *pp. 425-427.*

SAME.—*Appointment.—Partnership.—Insolvency.*—Where in an action by a partner for an accounting and settlement of the partnership it was alleged and proved that the defendant partner who had possession of the firm's assets was exposing the same to waste and appropriating the firm's

property to his own use, the action of the court in appointing a receiver will not be reversed because of the failure of the proof to show that defendant was insolvent.  *p. 428.*

From St. Joseph Circuit Court; *W. A. Funk*, Judge.

Action by Hugh T. Montgomery against Henry A. Fink. From an interlocutory order appointing a receiver, defendant appeals. *Affirmed.*

*Andrew Anderson, James Du Shane* and *W. G. Crabill*, for appellant.

*O. M. Cunningham*, for appellee.

DOWLING, J.—This is an appeal from an interlocutory order appointing a receiver in an action between partners for an account and settlement of their partnership affairs, to take charge of the assets, collect debts, and wind up the business of the firm. The error assigned is the action of the court sustaining the motion for such appointment.

The points of objection made by the appellant to the proceedings and order of the court are thus stated: "(1) An action cannot be maintained for the sole purpose of having a receiver appointed. (2) In suits between partners a receiver will not be appointed unless it appears that the assets of the partnership are in danger of loss or depletion on account of the misconduct, fraud, or wrongful acts of defendant partner. (3) When upon a dissolution of a partnership the parties themselves have agreed upon the manner of collecting their accounts and settling up their affairs, a receiver should not be appointed where no violation of the agreement is shown."

The complaint alleged the existence of a partnership between the appellant and the appellee, and its dissolution by mutual consent on September 8, 1902. It was also averred that the assets of the firm consisted of open accounts against divers persons amounting to a· considerable sum; that some of these were barred by the statute of limitations; that others would soon be barred, but that all could be collected if diligence were used; that most of

these uncollected accounts were made with the appellant, and that the appellee had not sufficient knowledge of them to enable him successfully to prosecute suits for their recovery; that the appellant was failing, neglecting, and refusing to take steps to secure the said accounts; that there were many other claims made by the appellant which have been collected by him, and which he refused to account for, and concerning which the appellee had no knowledge; that there was an irreconcilable disagreement between the said parties in regard to the collection of said claims due to the partnership, and the settlement of the partnership affairs, and that the interests of the parties were suffering from the delay and the contention between appellee and appellant; that the firm owed no debts; that before the commencement of the action appellee demanded a statement, accounting, and settlement of the partnership affairs which was refused. Prayer for an accounting, and for the appointment of a receiver to collect all outstanding accounts. By a supplemental complaint the appellee charged that the appellant, since the bringing of this action, was, without the consent of the appellee, taking promissory notes from the debtors of said late firm in settlement of the claims due said firm. No answer to the complaint was filed.

The proof upon the motion for the appointment of a receiver very fully sustained the complaint. It showed the existence of the partnership; its dissolution; that there were uncollected accounts due the firm; that the appellant refused to press these collections, for the reason that it would hurt his business; that appellant had overdrawn his account by about $308, and that he told appellee that he needed that money, and was not going to put his hand in his pocket and give it to appellee; that many of the accounts due the firm had been standing six, or nearly six, years but were probably collectible by proper effort; that the uncollected accounts amounted to about $5,000; that the appel-

lant had collected and appropriated some of these accounts since the commencement of this suit; that at the time of the dissolution of the partnership an equal division of the office furniture, surgical instruments, and cash on hand was made; that the parties were unable to agree upon any method for the collection of the outstanding accounts; that a notice of the dissolution of the partnership was published in a local newspaper; that since such dissolution some of the accounts were collected by the appellee; that the appellant had taken notes in his own name in settlement of ten or more of said accounts, and had sold and discounted the same; and that no accounting or settlement for any moneys so collected by him had taken place.

It is perfectly clear from the complaint that the purpose of this action was not the appointment of a receiver, but to obtain an accounting and settlement of the partnership affairs.    The appointment of a receiver was asked for in aid of this purpose.    The complaint charged, and the evidence established the fact, that the appellant by his conduct was unnecessarily exposing the assets of the late firm to waste and loss, and that he was misappropriating such assets to the damage of the appellee.    The fact that he collected and refused to divide the $308; his failure to charge himself on the books of the firm with the amount of the accounts which he had collected in money, property, or labor; the taking of the notes of the firm's debtors payable to himself, to the exclusion of the appellee; the sale of those notes, and the appropriation of the proceeds to his own use, without the knowledge or consent of the appellee, who was equally interested in them—was such misconduct in reference to the assets and business of the partnership as authorized the court to appoint a receiver.    §1236 Burns 1901; *Bufkin* v. *Boyce,* 104 Ind. 53; *Saylor* v. *Mockbie,* 9 Iowa 209; *Webb* v. *Allen,* 15 Tex. Civ. App. 605, 40 S. W. 342; High, Receivers, §§472, 474; *New* v. *Wright,*

44 Miss. 202; *Allen* v. *Hawley,* 6 Fla. 142, 164, 63 Am. Dec. 198.

There was no proof that upon the dissolution the parties agreed upon a plan for the collection of the partnership accounts, or that the method adopted by the appellant was a fair or equitable one. *Sweet* v. *Morrison,* 103 N. Y. 235, 8 N. E. 396; *Sutro* v. *Wagner,* 23 N. J. Eq. 388; *Smith* v. *Jeyes,* 4 Beav. 503.

Under the circumstances of this case it was not necessary for the appellee to prove that the appellant was insolvent. Insolvency of itself may, in some cases, justify the appointment of a receiver; but such an appointment cannot be defeated when otherwise shown to be necessary or proper by proof or presumption that the defendant is solvent. *Davis* v. *Grove,* 2 Rob. (N. Y.) 134; *Connelly* v. *Dickson,* 76 Ind. 440; *Turnbull* v. *Prentiss Lumber Co.,* 55 Mich. 387, 21 N. W. 375.

There is no error in the record.   Judgment affirmed.