## MARSHALL ET AL. *v.* MATSON.

[No. 21,112. Filed November 24, 1908.]

1. APPEAL.—*Transcript.—How Made.*—The transcript, on appeal, should contain copies only of the record and papers below, but by statute (§657 Burns 1908, Acts 1897, p. 244 and §667 Burns 1908, Acts 1903, p. 338, §7) an original bill of exceptions may be included therein. p. 241.

2. SAME.—*Transcript.—Clerk's Certificate.*—Where the transcript contains no bill of exceptions the clerk's certificate should state merely that it contains copies of the originals; but if it contains the original bill of exceptions the certificate should show that fact. p. 242.

3. SAME. — *Transcript: — Precipe. — Clerk's Certificate.*—Where a precipe called for copies of "the complaint, summons and the re-

Marshall *v.* Matson—171 Ind. 238.

turn of the sheriff thereon, all affidavits and papers filed, and the orders made by the judge, and all proceedings thereon," and the clerk certified that the transcript contained "full, true and correct copies, or the originals, of all papers and entries in said cause required by the foregoing precipe," it is shown that all papers and entries therein are copies, since that is what the precipe required. p. 242.

4. APPEAL. — *Parties.* — *Partnership.* — *Dissolution.—Receivers.— Complaint.—Exhibits.—Conflict.—*On an appeal from an interlocutory order appointing a receiver for a partnership, where the complaint for a dissolution and for a receiver alleged that one of the defendants was a partner, and the articles of copartnership, set out as an exhibit, showed that he was not a partner, the allegation controls, since such articles form no part of the complaint, and such party is therefore "aggrieved" and entitled to appeal. p. 242.

5. SAME.—*Term-Time.—Parties.—Receivers.—Appointment.—Interlocutory Orders.—*Any "aggrieved" party in a suit wherein an interlocutory order appointing a receiver has been made, may appeal; and an appeal taken by fewer than all of the "aggrieved" parties cannot prejudice one joining in such appeal. p. 243.

6. SAME.—*Default Judgment.—Interlocutory Order.—Appearance.* —The taking of an appeal from an interlocutory order appointing a receiver in a partnership dissolution suit, does not constitute an appearance to the suit at the time of such appointment. p. 243.

7. SAME. — *Transcript.* — *Summons.* — *Sheriff's Return.* — *Default Order for Appointment of Receiver.—*On an appeal from an interlocutory order appointing a receiver, without notice, the summons and sheriff's return thereon are a part of the record. p. 244.

8. ACTION.—*Commencement.—Issuance and Delivery of Summons to Sheriff.—*A civil action is commenced at the time of the delivery of the summons to the officer authorized to serve same. p. 244.

9. STATUTES.—*Judicial Construction.—Reënactment.—*The reënactment of a statute which has been judicially construed impresses such construction upon the new statute. p. 244.

10. RECEIVERS.—*Jurisdiction to Appoint.—Commencement of Suit. —Appeal.—*On an appeal from an interlocutory order appointing a receiver, where the transcript shows such appointment was made on August 15, and the sheriff's return shows his receipt of the summons on August 16, the appointing court was without jurisdiction. p. 244.

11. JUDGMENT. — *Direct Attack.* — *Appeal.* — *Receivers.—Interlocutory Order Appointing.—*An appeal from an interlocutory order appointing a receiver constitutes a direct, and not a collateral, attack upon such order. p. 245.

Marshall v. Matson—171 Ind. 238.

12. APPEAL.—*Weighing Evidence.—Interlocutory Order Appointing Receiver.*—Affidavits only are admissible in evidence in an application for the appointment of a receiver without notice. p. 245.

13. SAME.—*Records.—Evidence.—Affidavits.—Receivers.*—In a suit for the appointment, without notice, of a receiver, the affidavits filed in support thereof become a part of the record without a bill of exceptions (§663 Burns 1908, Acts 1903, p. 338, §3). p. 246.

14. SAME. — *Precipe.—Clerk's. Certificate.—Evidence.—Receivers.*— Where the precipe, in an appeal from an interlocutory order appointing a receiver calls for a transcript of the "complaint" and "all affidavits and papers filed," and the clerk certifies that the transcript contains copies of all papers and entries required by the precipe, but it contains no affidavits, the presumption is that the verified complaint therein contained constituted the only evidence in the case. p. 246.

15. RECEIVERS.—*Appointment Without Notice.—Statutes.*—Under §1288 Burns 1908, §1230 R. S. 1881, providing for the appointment of receivers, a receiver cannot be appointed, without notice, unless the complaint or an affidavit filed therewith shows the necessity not only of such appointment, but for such appointment without notice. p. 249.

16. SAME.—*Appointment of.—Causes for.—Notice.*—The statute (§1288 Burns 1908, §1230 R. S. 1881) being silent as to the causes for the appointment of receivers, the courts will look to the adjudged cases therefor, and will not ordinarily appoint without notice to the opposing parties. p. 249.

17. PLEADING.—*Complaint.—Receivers.—Appointment Without Notice.*—A verified complaint for the appointment, without notice, of a receiver, which fails to show that defendants were beyond the court's jurisdiction, or that an emergency existed to prevent waste, destruction, or loss, or that notice itself would jeopardize the property, or that protection could not be had by a restraining order, is insufficient. p. 249.

18. SAME. — *Complaint. — Verification. — Receivers. —Appointment Without Notice.—Evidence.*—A complaint for the appointment, without notice, of a receiver, verified on the "belief" of the complaining party, constitutes no evidence of the facts recited therein. p. 250.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Suit by James H. Matson against Harley E. Marshall and others. From an interlocutory order appointing a receiver, defendants appeal. *Reversed.*

Marshall *v.* Matson—171 Ind. 238.

*Lee & Darby* and *Miers & Corr,* for appellants.

*Duncan & Batman,* for appellee.

MONKS, J.—This is an appeal from an interlocutory order appointing a receiver in vacation without notice.

Appellee insists that as no original paper, except a bill of exceptions containing the evidence, if embraced in the transcript forms a part thereof, considering appellant's precipe and the clerk's certificate together, it is not shown what parts of the transcript are copies and what originals, and that therefore no question is presented for determination, because this court cannot say what parts of said transcript are a part of the record.

Under our code of civil procedure no original paper, document, or entry in a cause can be incorporated in the transcript filed on appeal to this court, but all papers,

1. documents, and entries must be copied into the transcript, and if any original paper, document or entry is incorporated in the transcript it will be disregarded. §§690, 691 Burns 1908, §§649, 650 R. S. 1881; *Mankin* v. *Pennsylvania Co.* (1903), 160 Ind. 447, 451, 452, and cases cited. The only exception to this rule is that created by §657 Burns 1908, Acts 1897, p. 244, and §667 Burns 1908, Acts 1903, p. 338, §7, under which an original bill of exceptions containing the evidence may be embraced in the transcript without copying it therein. *Mankin* v. *Pennsylvania Co., supra,* at pages 451, 452. The precipe called for copies of "the complaint, summons and the return of the sheriff thereon, all affidavits and papers filed, and the orders made by the judge, and all proceedings thereon," while the clerk certified that the transcript contains "full, true and correct copies, or the originals, of all papers and entries in said cause required by the foregoing precipe." The certificate to the transcript is copied from the form set out in §667 Burns 1908, Acts 1903, p. 338, §7.

When, as in this case, the transcript contains only such

papers and entries as can be made a part of the transcript by copying the same therein, the words "or the originals" should be omitted from said certificate. When the original bill of exceptions containing the evidence is embraced in the transcript, that fact should be shown by the clerk's certificate, so as to identify it.

It will be observed, however, that said clerk's certificate is that the transcript contains "full, true and correct copies, or the originals, of all papers and entries in said cause required by the foregoing precipe," and as the precipe only required "copies," and not "the originals," of any paper or entry, the meaning of the clerk's certificate is that all the papers and entries in the transcript are copies, because that is what the precipe required.

It is next insisted by appellants that May, one of the defendants, "is not a member of the partnership, and did not sign the articles of copartnership, and therefore is not such an 'aggrieved party' as can appeal under §1289 Burns 1908, §1231 R. S. 1881, which provides that "the party aggrieved" may appeal from interlocutory orders appointing a receiver. Said May was named as one of the defendants in the complaint, and it is alleged therein that said defendant entered into a partnership with four other persons, named in the complaint. Appellee, however, claims that the "articles of copartnership," which are filed with the complaint, and made a part thereof as exhibit A, show that said agreement was not signed by May, and "that therefore it appears that he is not a member of said partnership." We do not think said exhibit, even if not signed by May, shows that he was not a member of said firm, as against the direct allegation of the complaint that he was a member. Besides, this is a suit for the dissolution of said partnership and an accounting, and for a sale of the partnership property, and it is not, therefore, founded on said articles of copartnership; and, even if filed with the complaint

as an exhibit, said articles form no part thereof, and cannot be referred to, either to sustain or overthrow the complaint or any part thereof. *Gum-Elastic Roofing Co.* v. *Mexico Publishing Co.* (1895), 140 Ind. 158, 160, 161, 30 L. R. A. 700, and authorities cited. As May is a defendant, and the complaint alleges that all the defendants were members of said copartnership, and asks relief against them all, he, as well as his codefendants, is "aggrieved" within the meaning of §1289, *supra,* and is entitled to appeal thereunder.

If all of the defendants "aggrieved" did not appeal, as claimed by appellee, this will not affect the rights of those who did appeal, because the statute gives the right of

5. appeal to a part of several coparties. Appellants insist that the interlocutory order appointing the receiver was made before the commencement of the suit, and was therefore without jurisdiction. The summons issued in the cause and the return of the sheriff thereon are set out in the transcript. The summons is dated August 15, 1907, the same day the complaint was filed and the receiver appointed, and required the defendants to appear and answer the complaint on October 15, 1907. The return of the sheriff shows that the summons "came to hand 9 o'clock a. m. August 16, 1907," and that he served the same on each of the defendants on August 22, 1907. Appellee insists that "the summons and the return thereon form no part of the record, where all the defendants appear." §691 Burns 1908, §650 R. S. 1881; *Miles* v. *Buchanan* (1871), 36 Ind. 490. The record does not show that the defendants, or any of them, appeared to said suit. Taking the appeal from the interlocutory order appointing the receiver was not

6. an appearance to the suit. The appeal was taken in vacation of the court below, and the transcript filed in this court August 22, 1907. The next term of said court, at which the defendants were required to appear and answer, commenced October 14, 1907, so that within the mean-

ing of §691, *supra*, there could be no opportunity for appellants to appear to said suit until long after the appeal was taken.

We hold, therefore, that the summons and return of the sheriff thereon are properly in the record and form a part thereof. See §663 Burns 1908, Acts 1903, p. 338, §3.

It has been provided by the statute, since the taking effect of the code of civil procedure in 1853, that ''A civil action shall be commenced, by filing in the office of the clerk a complaint, and causing a summons to issue thereon.'' 2 Davis's Statutes, 1876, §34, p. 46. It has been uniformly held by this court under said statute that the summons is not issued until delivered to the officer charged by the law with the service thereof. *Fordice* v. *Hardesty* (1871), 36 Ind. 23; *Charlestown School Tp.* v. *Hay* (1881), 74 Ind. 127; 1 Work's Practice (3d ed.), §§204, 247

In 1881 the legislature, with a knowledge of said construction of said provision, reënacted the same (§317 Burns 1908, §314 R. S. 1881) and thereby adopted said construction. *Board, etc.,* v. *Conner* (1900), 155 Ind. 484, 496, and authorities cited; *Cain* v. *Allen* (1907), 168 Ind. 8, 17, 18. It has been held under §317, *supra*, that the process must be delivered to the officer authorized to serve it, before the action is deemed commenced. *Alexandria Gas Co.* v. *Irish* (1899), 152 Ind. 535.

As the action is not commenced until the summons is delivered to the sheriff, his return should show, as it does in this case, when the summons was received by him. 1 Works' Practice (3d ed.), §247. The summons and the return thereon, therefore, show that the receiver was appointed the day before the action was commenced. It follows that the judge had no jurisdiction to appoint a receiver. *Alexandria Gas Co.* v. *Irish, supra.*

Marshall *v.* Matson—171 Ind. 238.

This is not a collateral attack on said order appoint-
11. ing the receiver, as claimed by appellee, but a direct
attack thereon by appeal. VanFleet, Collat. At-
tack, §2.

Appellee contends that this court cannot review the case
upon the evidence, because there is no bill of exceptions con-
taining the evidence in the record, and nothing to
12. show what evidence was given at the hearing, when
the interlocutory order was made appointing the re-
ceiver. Section 1288 Burns 1908, §1230 R. S. 1881, prohibits
the appointment of receivers without notice, "except upon
sufficient cause shown by affidavit." This provision clearly
limits the evidence at such hearing to affidavits which must
be filed in the cause. This includes the complaint, if prop-
erly verified.

In *Sullivan Electric, etc., Co.* v. *Blue* (1895), 142 Ind.
407, this court said, concerning said provision, at page 417:
"Where there is an appearance by the adverse party to
an application for the appointment of a receiver, or where
there has been notice of such application to such party, the
complaint and affidavits may not contain or state facts
enough to warrant or justify the appointment of a receiver,
and yet the oral evidence adduced may have been sufficient
to enlarge the cause stated on paper, so as to entitle the
applicant to the appointment applied for. Not so in the
case of an appointment without notice. There the statute
quoted has wholesomely provided that cause for an appoint-
ment of a receiver without notice to the adverse party must
be shown by affidavit. That implies that it must be in writ-
ing and filed as the cause of such appointment. Thus the
adverse party may know the exact facts upon which the
judge acted in appointing a receiver in his absence and
wresting from him the control of his property without a
hearing or an opportunity for such hearing. Without such
facts being spread upon the record on appeal to a higher

court from such an interlocutory order allowed by another section of the same statute, the appeal might prove to be fruitless and unavailing. So that we must look to the facts stated on paper, at the time the application in this case was made, exclusively to find the cause, if any there was, to justify the appointment without notice.''

13. The verified complaint and all affidavits, if any, read in evidence on the *ex parte* application for the appointment of the receiver, are a part of the record without a bill of exceptions, under section three of the act of 1903 (Acts 1903, p. 338, §663 Burns 1908).

14. The precipe called for a transcript of the ''complaint,'' and ''all affidavits and papers filed,'' and the clerk's certificate, which imports absolute verity (*Justice* v. *Justice* [1888], 115 Ind. 201; *Bozeman* v. *Cale* [1894], 139 Ind. 187, 191, and cases cited), certifies that the transcript contains copies of all papers and entries required by the precipe. It is shown, therefore, that all the evidence given at the hearing is in the record. As no affidavit is contained in the record, except the verified complaint, we must say that the only evidence given at the *ex parte* hearing for said appointment was the verified complaint, which reads as follows: ''The plaintiff complains` of the defendants, and says that he and said defendants are all citizens and residents of Monroe county, Indiana, living in or near the town of Ellettsville of said county; that theretofore, to wit, on the — day of ————, 1900, they, together with Gilbert K. Perry, Isaac N. Pressley, Steve Szawtkowski and George W. Fletcher, entered into a partnership for the purpose of installing a switchboard, and certain wires and other fixtures, to be used in connection with a system of telephones in and near said town, which said agreement is in writing, is filed herewith, marked exhibit A, and made a part hereof; that, in pursuance of said written agreement, a switchboard, certain wires and other fixtures were purchased and installed at the cost of about $400; that, for the

purpose of operating said telephone line, poles were erected and wires extended to the residences of different persons, each person paying a stipulated amount per month for the services of the operator, besides paying for the drop; that trunk lines were also bought by said copartners, connecting said switchboard at Ellettsville with White Hall, Spencer, Gosport, and with other towns and switchboards, all of which wires were the property of said partnership; that property to a considerable value thus accumulated; that from the charges made different ones for the use of said switchboard, and for the payment of operators, there has accumulated and is now in the hands of said Lincoln May, as the treasurer of said partnership, the sum of $148.91. This plaintiff avers that by purchase he became the owner of the interest of said Herman U. Grant in said switchboard, accumulations, profits, trunk lines, etc., and that said Grant now has no interest therein; that many of the poles in use by the patrons of said switchboard have become rotten, that many have fallen, and others are liable to fall; that there never was any franchise granted by the town of Ellettsville for the use of its streets or alleys for the construction, maintenance and operation of said telephone system; that the wires were and are fastened to trees, houses and other buildings, causing great danger from fire and lightning; that the owners of said telephone system are not giving it proper attention; that some of them are threatening to dispose of the whole outfit to other parties, who, this plaintiff is informed, have no rights in said town for the erection and operation of a telephone line; that no satisfactory records or accounts of the receipts and expenditures are kept; that threats are being made to remove said switchboard to another place, thus destroying or impairing its usefulness; that said telephone system is not receiving the care and attention that its importance demands; that it is connected with many patrons who are entitled to good service, and who are not receiving it; that trouble exists among

the owners; that persons who have no interest in said switch-board, trunk lines or accumulations are controlling them; that said telephone system is deteriorating, and will soon be worth nothing, if not given the proper care and attention; that this plaintiff is informed and believes there are dues owing for services and for the use of said switchboard long-past due; that no effort is being made to collect said sums; that said telephone system is being run without profit and unsatisfactorily to the owners; that if said property is not taken into the care of some competent and reliable person, who will take care of it, account for the rents and profits, and collect the unpaid dues and charges, it will be a total loss to the owners. The plaintiff therefore asks that said partnership be dissolved; that an accounting be had; that there be a marshaling of the assets; that the debts be collected; that the assets be converted into cash; that, for the purpose of operating said telephone system, collecting the revenues and the unpaid indebtedness, convert-ing the assets into cash, and marshaling the assets, a re-ceiver be appointed by this court, under its order and by its direction, to take possession of and operate said telephone system, take possession of said trunk lines, switchboard, money on hands, and other property belonging to said part-nership, collect the revenues, collect all uncollected dues or rentals, and when so collected, under the order of the court, hereinafter to be made, that he sell said property. Your petitioner would show that, by reason of the threats to dispose of said switchboard, to remove it to other quarters, to sequester said cash on hands, the value of said property will be greatly decreased, if not entirely destroyed; that an emergency exists for the appointment of a receiver, and that if the time is taken to give notice great damage is likely to result to your petitioner, and likewise to the owners of said property. He therefore asks that a receiver be ap-pointed without notice, and for all other and proper relief."

Section 1288 Burns 1908, §1230 R. S. 1881, provides:

"Receivers shall not be appointed, either in term or vacation, in any case, until the adverse party shall have appeared, or shall have had reasonable notice of the application for such appointment, except upon sufficient cause shown by affidavit." It is evident, under said section, that it must appear, either in the verified complaint or by affidavit, not only that there was a cause for the appointment of a receiver, but that there was cause for such appointment without notice. If sufficient cause for not giving reasonable notice is not shown by affidavit, the appointment is forbidden by said section and is erroneous.

The statute being silent as to what will constitute sufficient cause, we must look to precedents and adjudged cases to determine that question. *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 65. By the established practice, independent of statute, courts of equity, being adverse to interference *ex parte*, will entertain, in ordinary cases, an application for the appointment of a receiver only after notice to the defendant, or a rule to show cause. High, Receivers (3d ed.), §§111, 112.

There is nothing in said verified complaint showing, as required by the authorities, that the defendants were beyond the jurisdiction of the court, or could not be found, or that there was an emergency, rendering interference, before there was time to give notice, necessary to prevent waste, destruction or loss, or that notice itself would jeopardize the taking possession of the property over which the receivership may be ordered, or that there was any imperious necessity requiring immediate action, and that protection could not be afforded the plaintiff by a temporary restraining order without notice or in any other way. Without such proof the appointment of a receiver without notice is erroneous. *Henderson* v. *Reynolds* (1907), 168 Ind. 522, 526-530, and cases cited; *Continental Clay, etc., Co.* v. *Bryson* (1907), 168 Ind. 485, and cases cited.

Appellee cites *Fink* v. *Montgomery* (1904), 162 Ind. 424,

and *Goshen Woolen Mills Co.* v. *City Nat. Bank* (1898), 150 Ind. 279. But there was notice to the adverse party in the case last cited, and an appearance at the hearing in the case first cited, as required by §1288, *supra*. Those cases are therefore not in point here.

The verification of the complaint was on the "belief" of the party making it, and the same was not therefore admissible in evidence at the hearing of the application. The complaint, to be admissible in evidence, must be verified in positive terms. *Henderson* v. *Reynolds, supra*, and authorities cited; *Spurgeon* v. *Rhodes* (1906), 167 Ind. 1, 7.

The interlocutory order appointing a receiver is therefore reversed.