HUNTER v. BERANISCH.

[No. 26,328.   Filed March 30, 1934.]

*Earl C. Kline* and *William F. Stoops,* for appellant.

*J. B. Kammins,* for appellee.

MYERS, J.—The above entitled cause was submitted in this court June 13, 1933. Appellee appears specially and moves to dismiss the appeal for various reasons. The motion to dismiss was filed September 11, 1933. The correctness of the record has not been challenged. The reasons assigned in support of the motion to dismiss make it necessary that we carefully examine the record. Briefly stated, it shows that appellant, in the Marion Superior Court, recovered a judgment against appellee and had execution thereon issued, which was, by the sheriff, returned unsatisfied. Thereafter appellant, by one of his attorneys acting as his agent, on July 18, 1932, verified and caused an affidavit to be filed in the Marion Superior Court in the same cause and docket number wherein judgment was obtained. This affidavit was filed pursuant to ch. 61, Acts 1925, p. 204, §1; §2-4501, Burns 1933; §550, Baldwin's 1934, and upon which the court entered judgment against the Indiana Hotel Company as garnishee defendant, whereby the sheriff of Marion County was ordered to levy upon the wages, salary, and earnings of appellee then due or to become due from such garnishee defendant, not exceeding ten per cent of any of such items, until said judgment and costs are paid and satisfied. Thereafter, on March 23, 1933, appellee filed in said court his motion to quash the order in garnishment theretofore issued, which motion the court sustained, and thereupon entered judgment "that said Order in Garnishment or in execution, made and entered by this

Superior Court on the 18th day of July, 1932, directing that an execution issue against the earnings, salary, wages, and income due or to become due, from the Indiana Hotel Co. . . . be and is hereby set aside, dissolved, quashed and vacated." And it was "further ordered and adjudged that the sheriff pay to plaintiff (appellant here) all money collected on said order and execution in garnishment after deducting the costs in said cause," and "that the sheriff make return of the writ now in his hands as satisfied in part . . ." and the hotel company is released from further liability under said order of attachment. Following the proceedings in the record in the order of succession, it appears that on the same day plaintiff filed "his written motion for dismissal of order in garnishment heretofore issued against the wages, salary or income due or to become due from the Indiana Hotel Co. to the defendant," appellee here. Thereupon the court ordered, adjudged and decreed that the order in garnishment heretofore issued in said cause be dismissed and the Indiana Hotel Company released from further liability under said order in garnishment.

The record discloses that immediately following the court's order and judgment sustaining the plaintiff's (appellant here) motion to dismiss the garnishee proceeding, he filed a motion for a new trial apparently directed to the order and judgment of the court sustaining appellee's motion to quash the order in garnishment. This motion the court overruled and plaintiff was granted sixty days in which to file bill of exceptions. On April 13, 1933, plaintiff tendered to the court his bill of exceptions which included only defendant's motion to quash the order in garnishment, and to which is attached the certificate of the judge as follows: "And the plaintiff, on the 13th day of April, 1933, tendered this, his bill of exceptions, and prayed that the

same be approved and signed, which is accordingly done this 13th day of April, 1933. Wm. A. Pickens, Judge of Marion Superior Court." Immediately following the signature of the judge is the unauthenticated statement: ". . . and prays that the same be signed, sealed and made a part of this record, which is this day done." All that occurred on April 13, we infer, is a copy of an order-book entry made that day by the clerk of the court which shows that the order making the bill of exceptions a part of the record was not the action of the court, but it was the action of an administrative officer. The bill is not therefore a part of the record, but since the motion or paper so attempted to be brought into the record is copied therein as part of the clerk's transcript and is a recognized motion or pleading which may be filed in such cases, we may therefore regard it as properly a part of the record. Acts 1915, p. 134, §1, §2-3104, Burns 1933, §462, Baldwin's 1934; *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339.

The errors assigned challenge the action of the court in sustaining the motion to quash and the overruling of appellant's motion for a new trial. As we read this record, there was no trial, and hence there could be no new trial. The trial court ruled either right or wrong when it sustained appellee's motion to quash the order of garnishment theretofore issued. The record here shows that appellant had, and for aught appearing still has a judgment *in personem* against appellee, and to enforce the payment of that judgment he obtained an order directing that an execution issue against the debts, salary, etc., due or to become due appellee from the Indiana Hotel Company, and pursuant to that order a writ issued and was served by the sheriff of Marion County on the hotel company as a garnishee defendant. The hotel company, in compliance with the writ so served upon it, retained a certain per cent of the

salary or wages due appellee and paid the same to the sheriff who, it appears, retained such payments until after the motion to vacate and quash the order for execution was sustained, and until he was ordered by the court to pay to appellant the money he had thus collected. It seems to us that under all of the circumstances here disclosed by the record, appellant's motion to dismiss the proceedings in garnishment was at least an acquiescense in or an approval of the court's action in sustaining appellee's motion to set aside and quash the order. Appellant, in his brief, in explanation of his motion to dismiss the order in garnishment, says that he made the motion "in order that he might collect the money paid to the sheriff on said order in garnishment as the court ordered the funds so held paid to appellant, this also being a requirement of the sheriff's office of Marion County, Indiana, before funds may be collected under such circumstances."

We therefore hold that appellant's request for a dismissal of the order in garnishment, which was sustained by the court, followed by a judgment that it be dismissed, amounted to an approval of the action of the court sustaining appellee's motion to quash and error cannot be predicated thereon.

Appeal dismissed.