MAPLE *v.* McREYNOLDS ET AL.

[No. 25,841.   Filed May 25, 1935.]

*Miller & Uhlir*, for appellant.

*Marshall, Hillis & Coffel*, for appellee.

TREANOR, J.—This is an appeal from an interlocutory order appointing a receiver, which order was made in an action brought by appellee, Hettie M. McReynolds, against appellant for an accounting and dissolution of their partnership. The order appointing the receiver was made by the trial court after a hearing upon the issues raised by (1) appellant's answer in general denial, (2) his second paragraph of affirmative answer, and (3) his third paragraph of answer by way of cross-complaint against appellee Charles McReynolds.

The application for appointment of a receiver alleged that the defendant was in possession of plaintiff's farm under a partnership agreement between the plaintiff and defendant; that by the terms of this agreement plaintiff had a three-fourths interest, and the defendant a one-fourth interest, in live stock, implements, and poultry used by the defendant in operating the farm; and that plaintiff was entitled to three-fourths of the profits derived from such operations and defendant to one-fourth of such profits. It was further alleged that defendant had failed and refused, for more than six months, to make any accounting to plaintiff of the profits so derived, though an accounting frequently had been demanded during that time. It was also alleged that defendant had cashed checks received from the sale of milk and had converted the proceeds to his own use; that he had sold live stock belonging to the partnership and had refused to make any accounting therefor; that

he was threatening to sell some hogs belonging to the partnership and to convert the proceeds to his own use, and that he was insolvent.

While there was some conflict in the evidence as to whether appellant had threatened to sell hogs and convert the proceeds to his own use, and also as to whether appellant or appellees had demanded and been refused an accounting, there was evidence to support each of the allegations contained in the application for a receiver. Appellant concedes that he had received $55.00 from the sale of a calf, and between $170.00 and $200.00 from the sale of milk, none of which money was paid, or accounted for, to appellee. It is apparent from an examination of the evidence presented to the trial court that ill feeling had existed between the parties for some time prior to the commencement of this action and that appellant had threatened appellees with violence and prosecution.

Appellant urges upon appeal that the purpose of plaintiff's action was "not the appointment of a receiver but was to obtain an accounting and settlement of the partnership affairs"; that a receiver should not be appointed until "after the debits and credits are struck as between the two partners" and that "a temporary restraining order forbidding the sale or removal of the partnership property by the partner" in possession of the property "would be entirely adequate and ample for the protection of all the interests of all the partners until after the accounting suit was tried."

The fact that the relief sought in asking for the appointment of a receiver is secondary to a main cause of action for an accounting and settlement of partnership affairs, is not a ground for refusing to appoint a receiver.

". . . an application for a receiver is usually made in connection with a main cause of action in

which the rights of the parties are sought to be adjudicated upon some principal issue to which the question of receivership is merely ancillary. The object of an application for appointment of a receiver is not a judgment determining the rights of the parties, but an interlocutory order designed to preserve the status of the parties with reference to certain property pending the determination of various rights." *Stair* v. *Meissel* (1934), 207 Ind. 280, 291, 192 N. E. 453.

Our statute provides that a receiver may be appointed by the court or the judge thereof in vacation in actions between partners or persons jointly interested in any property or fund.[1] The application for a receiver does not of itself constitute a suit, but it "is an interlocutory proceeding in a pending suit."[2]

The collection of partnership funds and failure to divide them with a co-partner in accordance with the partnership agreement, or the misappropriation of such funds to defendant's use, constitute grounds for appointment of a receiver to take charge of partnership property pending, and in aid of, a settlement of partnership affairs.[3]

*Note 1.* §3-2601, Burns Ind. St. Ann. 1933; Acts 1881, Spec. Sess., Ch. 38, §245, p. 240.

*Note 2.* "The action pending is the principal thing; the application for, and appointment of, a receiver is a mere incident, to preserve the subject of litigation until the decree is given, and made effectual; . . ." *Pressley* v. *Harrison* (1885), 102 Ind. 19, 1 N. E. 188.

*Note 3.* "It is perfectly clear from the complaint that the purpose of this action was not the appointment of a receiver, but to obtain an accounting and settlement of the partnership affairs. The appointment of a receiver was asked for in aid of this purpose. The complaint charged, and the evidence established the fact, that the appellant by his conduct was unnecessarily exposing the assets of the late firm to waste and loss, and that he was misappropriating such assets to the damage of the appellee. The fact that he collected and refused to divide the $308; his failure to charge himself on the books of the firm with the amount of the accounts which he had collected in money, property or labor; the taking of the notes of the firm's debtors payable to himself, to the exclusion of the appellee; the sale of those notes, and the appropriation of the proceeds to his own use, without the knowl-

Appellant supports his contention that a temporary restraining order would be adequate, by citing the case of *Tucker* v. *Tucker* (1924), 194 Ind. 108, 111, 142 N. E. 11. In that case this court made the following statement:

"Property of which a party has possession as owner or joint owner should not be taken from her by the appointment of a receiver *without notice,* where a temporary restraining order forbidding its sale or removal would be ample for the protection of all interests *until notice could be given and the application for a receiver heard and determined on its merits."* (Our italics.)

In the instant case the receiver was appointed after a hearing upon the merits had been held pursuant to notice given appellant.

From our examination of the record which contains all the evidence submitted at the hearing we are convinced that the trial court did not err in appointing a receiver.

Judgment affirmed.

---

edge or consent of the appellee, who was equally interested in them—was such misconduct in reference to the assets and business of the partnership as authorized the court to appoint a receiver." *Fink* v. *Montgomery* (1903), 162 Ind. 424, 427, 68 N. E. 1010.