PLOUGHE *v.* INDIANAPOLIS RAILWAYS, INC.

[No. 27,920. Filed December 7, 1943. Rehearing denied January 10, 1944.]

*Earl J. Askren* and *Walter O. Lewis,* both of Indianapolis, for appellant.

*Arthur L. Gilliom, Karl J. Stipher, B. E. Sattler, Sidney S. Miller, Arch N. Bobbitt,* and *Henry B. Krug,* all of Indianapolis, for appellees.

SHAKE, J.—The appellant sued the appellees for damages for personal injuries. At the conclusion of the evidence the trial court directed a verdict for the appellees. Error is predicated on the overruling of the appellant's motion for a new trial and this calls for a consideration of the evidence.

On May 5, 1941, this court promulgated Rule 1-9, which became effective on September 1 of that year and continued in force until September 6, 1943, when Rule 1-9 of the 1943 Revision became operative. Prior to the last revision the rule read:

> "The judge who presides at the trial of a cause shall rule on the motion for a new trial, if one is filed, and approve and sign the bill of exceptions, if such is requested." *State ex rel. Hodshire* v. *Bingham, Judge* (1941), 218 Ind. 490, 494, 33 N. E. (2d) 771, 134 A. L. R. 1126.

The Honorable Herbert M. Spencer, Judge of the Superior Court of Marion County, Room 2, presided at the trial, which was concluded on March 12, 1941, and he overruled the motion for a new trial on December 19, 1942. Judge Spencer's term of office expired on December 31, 1942, and the bill of exceptions containing the evidence was approved and signed by his successor, the Honorable Hezzie B. Pike, on March 11, 1943. The question arises, therefore, whether the evidence is before us.

The appellant asserts in defense of the record: (1) That Rule 1-9 was void because it undertook to extend

thereof before the act was passed. In holding that the bill of exceptions should have been signed by Judge Morris, before whom the case was tried, but who had ceased to be the judge of the trial court, the Appellate Court said that, "the act makes the logical provision for the signing of an instrument importing absolute verity by one who has knowledge rather than by one who has not knowledge of the matters it assumes to state." The same may be said of Rule 1-9 and the appellant's first proposition is without merit.

There is no question before us of Judge Spencer having refused to approve the bill of exceptions or of his inability to act.

The contention that the subject of court procedure is within the exclusive jurisdiction of the legislative branch of the government, and that the courts are powerless to make rules governing their own business, is as unique as it is novel. Carried to its logical conclusion, this means that the courts of this State are at the mercy of the General Assembly, which, conceivably, may destroy our entire judicial system by the simple artifice of imposing unworkable procedural regulations. We subscribe to no such doctrine.

Notwithstanding the dictum in *Hunter* v. *Beranisch* (1934), 206 Ind. 408, 189 N. E. 632, we do not know of any rule that required the judge who approved and signed a bill of exceptions to also enter a specific order directing that the bill be filed and made a part of the record. When the bill was signed it was entitled to be filed, and when filed it became a part of the record without any formal order to that effect. *The Terre Haute and Logansport R. Co.* v. *Bissell* (1886), 108 Ind. 113, 9 N. E. 144. No good purpose would be served by saying more on this subject,

the terms of the elective judges; (2) that said rule violated the Constitution of Indiana by dealing with court procedure which is within the exclusive province of the Legislature; (3) that the rule was unworkable and inoperative because it failed to make any provision as to who should enter orders directing bills of exceptions to be filed and made a part of the record; and (4) that, in any event, the rule is satisfied in the instant case because counsel for the appellee, Indianapolis Railways, Inc., approved the bill of exceptions by endorsement.

The reasons that prompted the adoption of Rule 1-9 were fully stated in the case of *State ex rel. Hodshire* v. *Bingham, Judge* (1941), 218 Ind. 490, 33 N. E. (2d) 771, 134 A. L. R. 1126, and these need not be repeated. The rule in nowise had the effect of extending the official term of Judge Spencer. Had he been called upon to approve the bill of exceptions, as should have been done, he would have been acting merely in the capacity of a special judge. See the practical construction of this rule in the official opinion of the Attorney General to the State Examiner, April 2, 1943.

The case of *Carr* v. *Noah* (1901), 28 Ind. App. 105, 62 N. E. 283, discloses that a trial was had in the Decatur Circuit Court before the Honorable Douglas Morris, sole judge of the Eighth Judicial Circuit, comprising Rush and Decatur counties. Thereafter, the circuit was changed and Judge Morris made judge of the Sixteenth Judicial Circuit, consisting of Rush and Shelby counties. The bill of exceptions was signed by the Honorable Francis T. Hord, who succeeded Judge Morris as judge of the Decatur Circuit Court. The act changing the circuits provided that pending matters should be concluded by the judge who had jurisdiction

inasmuch as the practice in respect to bills of exceptions has been greatly liberalized and simplified by Rule 2-3, 1943 Revision.

Before the purported bill of exceptions was signed by Judge Pike, the attorney for one of the appellees, Indianapolis Railways, Inc., signed a notation at the bottom of the official court reporter's certificate reading: "Approved as to manuscript certified by official reporter." This did not authenticate the bill or dispense with the necessity of it being approved and signed by the proper judge. *Toledo, Wabash, and Western Railway Co.* v. *Rogers* (1874), 48 Ind. 427.

We are obliged to hold that there is no proper bill of exceptions in the record and that the evidence is not before us.

Judgment affirmed.

NOTE.—Reported in 51 N. E. (2d) 626.