STATE EX REL. BUSICK ET AL. *v.* EWING, JUDGE, ET AL.

[No. 28,804.   Filed December 13, 1951.]

*Paul F. Mason,* of Rockport, and *William L. Mitchell,* of Evansville, for relators.

*L. N. Savage* and *Robert S. Wagoner,* both of Rockport, for respondents.

JASPER, J.—This is an original action against the respondent, Spencer Circuit Court, and the Judge thereof, to prohibit the respondent from proceeding further in the matter of "Gene Barger et al. v. Caleb A. Busick et al.," being cause numbered 4587 in the Spencer Circuit Court, and designated "Petition in Equity for the Appointment of a Receiver Without Notice." A temporary writ of prohibition was issued by this court.

The certified transcript of all the papers, pleadings, and entries shows that said petition in equity for the appointment of a receiver without notice was filed as a separate cause of action on the 25th day of May, 1951, and that summons was issued to the sheriff, coming into his hands on May 26, 1951, which summons was served on Caleb A. Busick on the same day.

The petition for the appointment of receiver was filed as a separate action, and the appointment of a receiver was the sole relief therein sought by the plain-

tiffs. This case comes within the general rule that proceedings for the appointment of a receiver are ancillary in their nature and must be supported by a principal action. *State ex rel. Glamack* v. *Horn* (1950), 228 Ind. 567, 94 N. E. 2d 483; *Maple* v. *McReynolds et al.* (1935), 208 Ind. 338, 196 N. E. 3; *West* v. *Reeves* (1934), 207 Ind. 404, 190 N. E. 431, 193 N. E. 375; *Alexandria Gas Co.* v. *Irish* (1899), 152 Ind. 535, 53 N. E. 762; *Pressley* v. *Harrison et al.* (1885), 102 Ind. 14, 1 N. E. 188; 2 Gavit's *Ind. Pleading and Practice,* §236, p. 1743; 1 Clark, *Receivers* (2d ed. 1929), §75, p. 98. To confer jurisdiction upon the court in this case, it is therefore necessary that a principal action be filed to which the receivership is ancillary.

Before the respondent could acquire jurisdiction to appoint a receiver pendente lite, a principal cause of action must have been commenced by the filing of the same and the placing of a summons in the hands of the sheriff. Here, the certified transcript of the record shows that the complaint for the appointment of receiver was filed on May 25, 1951, and that a receiver was appointed on the same day. The sheriff's return to the summons shows that it did not come to his hands until the 26th day of May, 1951, the day after the appointment of the receiver. Even if the petition could be interpreted as being ancillary to a main cause of action, the court would have no jurisdiction to appoint a receiver for the reason that the action was not commenced until the summons was in the hands of the sheriff. *Tucker* v. *Tucker* (1924), 194 Ind. 108, 142 N. E. 11; *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339; *Pressley* v. *Harrison et al., supra.*

The respondent, in his return, attempts to impeach the record by an affidavit of the deputy sheriff and the

affidavits of attorneys for the petitioners in the receivership. If the summons and the return thereon do not speak the truth, necessary proceedings could have been taken to have them do so. They cannot be collaterally impeached as herein attempted. The transcript having been certified by the Clerk of the Spencer Circuit Court, the certificate imports absolute verity. *Marshall* v. *Matson, supra.*

The relators further contend that the petition for the appointment of receiver is an attempt to have a receiver appointed for the property of individuals without showing that the petitioners have a lien or legal interest of any kind on or in the property. It was stated in *State, ex rel.* v. *Superior Court* (1924), 195 Ind. 174, 181, 144 N. E. 747, 749:

"As to the second question, it is enough to say that the courts of this state do not have jurisdiction to appoint a receiver for the property of an individual owner, and seize possession of it, upon mere allegations that he is indebted for borrowed money, and that he is so conducting himself as to be in danger of insolvency, without any showing that the plaintiff has a lien of any kind upon such property, created by contract, attachment, levy or otherwise. No such right existed at common law, and the statutory provision which makes threatened insolvency of a corporation cause for the appointment of a receiver (§1279, subd. 5, Burns' 1914, §1222 R. S. 1881) does not apply to individuals alleged to be indebted beyond their ability to pay.

"The trial court having no jurisdiction to appoint a receiver for the property of the individual defendant in the original action upon the facts of that case, and no jurisdiction to wrest from persons who, before that suit was commenced, were in full possession of the motor busses and money in question, their said possession without 'due process of law,' and relators having no remedy in the ordinary course of law that is plain, speedy and

adequate, a proper case is presented for the arrest of proceedings by a writ of prohibition. §1224 Burns' Supp. 1921, Acts 1915, p. 207; *Havemeyer* v. *Superior Court* (1890), 84 Cal. 327, 24 Pac. 121, 10 L. R. A. 627, 644, 18 Am. St. 192; *People, ex rel.*, v. *District Court* (1922), 72 Colo. 525, 218 Pac. 742."

This court, in the last-cited case, issued a permanent writ of prohibition.

The trial court did not have jurisdiction under the facts in the case at bar to appoint a receiver for the property of an individual.

From what we have heretofore said, it is apparent that the respondent judge acquired no jurisdiction over the subject-matter of the receivership; and the attempted appointment of a receiver was consequently not merely irregular, but absolutely void. *Pressley* v. *Harrison et al., supra.*

The temporary writ of prohibition heretofore issued is made permanent.

NOTE.—Reported in 102 N. E. 2d 370.