Filed June 19, 1886.

---

No. 12,480.

## BLACK ET AL. *v.* THOMSON ET AL.

GRAVEL ROAD.—*County Commissioners.*—*Changing Time of Meeting of Viewers and Engineer.*—*Discretion.*—In a proceeding to establish and construct a gravel road, the board of commissioners have discretionary authority to change or extend the time fixed for the meeting of the viewers and engineer.

SAME.—Where a judicial tribunal has a general power to designate a time within which an act shall be done, it may extend the time, in the exercise of a reasonable discretion.

SAME.—*Effect of Failure to Dispose of Cause During Term.*—*Continuance.*—In all judicial or *quasi* judicial proceedings, a cause does not lapse or abate on account of a failure to enter a continuance or make some other disposition of it at a term of the court in which it is pending, but it stands continued by operation of law. R. S. 1881, sections 1325, 1326, 1327.

SAME.—*Appeal from Board.*—*Irregularities in Proceedings not Ground for Dismissal in Circuit Court.*—Where, in a proceeding to establish a gravel road, the board of commissioners properly acquired jurisdiction, mere irregularities in the subsequent proceedings of the board will afford no ground for dismissing the cause on appeal to the circuit court, where the cause stands for trial *de novo.*

From the Carroll Circuit Court.

*J. Applegate* and *C. R. Pollard*, for appellants.

*L. D. Boyd*, for appellees.

NIBLACK, C. J.—Samuel Black and more than one hundred others, all resident freeholders of the county of Carroll, in this State, presented a petition to the board of commissioners of that county at its June term, 1884, praying for the establishment and construction of a gravel road upon a certain route, and between certain points therein specified. The board appointed viewers and an engineer, as required by the statute, and ordered that they should meet and proceed to discharge the duties which had been assigned to them, on the 6th day of October, 1884. No order of continuance, or order of any other kind, was made in the cause at the next regular session, in September, 1884, but at a special session which was held in that month, the board ordered that the time of the meeting of the viewers and engineer should be postponed until the 6th day of November, 1884. The county auditor thereupon notified the viewers and engineer of their appointment, and of the time of their meeting lastly above named, and also gave notice of the time and place of such meeting, by four weeks' publication in a weekly newspaper of the county. On said 6th day of November, 1884, the viewers and engineer met, as they had been notified to do, and, after qualifying as required by law, proceeded to examine the proposed line of road, and, on the 9th day of December, 1884, made a report of their proceedings to the board of commissioners, expressing the opinion, amongst other things, that the contemplated road would be a work of public utility.

Opposition being made to the report thus submitted, and Francis Thomson and others having remonstrated against the construction of the proposed road, the matter was continued until the March term, 1885, of the board, during which term the report was confirmed and an order was entered for the construction of the improvement prayed for in the petition.

Thomson and the other remonstrators appealed from the order made as lastly above stated to the circuit court, in which, at the next succeeding term, they moved to dismiss

the petition upon the ground that as the time for the meeting of the viewers and engineer was fixed at a time beyond the September session, 1884, of the board of commissioners, and as the board made no order of continuance, or other order in the premises, at that session, the jurisdiction of the board over the subject-matter of the proceeding had lapsed, and that thereafter such jurisdiction had not been in any manner regained by the board.

This motion was sustained by the circuit court, and the petition was dismissed at the costs of the petitioners.

Whether the commissioners have the power, in a case like this, to fix the time at which the viewers and engineer shall meet, at a period beyond their next regular session, is a question not now fairly before us, and hence involves an inquiry upon which we are now not required to enter. The order made at the special session in September then next ensuing, fixing the time of meeting on the 6th day of November, 1884, vacated and superseded the order fixing a previous day of meeting. While the provision of the statute, requiring the board to fix the time at which the viewers and engineer shall meet, is mandatory (see section 5092, R. S. 1881), there is nothing having any connection with that provision from which it may be inferred that the board may not thereafter change the time and fix a different day for the meeting. It has, on the contrary, been held in analogous cases that the time fixed by the board for similar purposes may be changed or enlarged. *Munson* v. *Blake,* 101 Ind. 78 ; *Lipes* v. *Hand,* 104 Ind. 503. In this latter case, which was a proceeding for the drainage of land, it was said that " the court had authority to extend the time of filing the report of the commissioners. It is a familiar rule that where a judicial tribunal has a general power to designate a time within which an act shall be done, it may extend the time," in the exercise of a reasonable discretion, and that rule is applicable to cases like the one under consideration. It is also a familiar rule that in all judicial or *quasi* judicial proceedings, a cause does not either lapse or

MAY TERM, 1886. 165

abate on account of a failure to enter a continuance of it, or to make some other disposition of.it, at a term of the court in which it is pending. In case of such a failure the cause stands continued by operation of law. R. S. 1881, sections 1325, 1326, 1327; *McMullen* v. *State, ex rel.*, 105 Ind. 334.

It is conceded by all parties that the board of commissioners acquired jurisdiction in this case when the petition was filed, and that it consequently had authority to appoint viewers and an engineer in the first instance. However irregular, therefore, the subsequent proceedings may have been, the jurisdiction thus acquired was not lost. *McMullen* v. *State, ex rel., supra.* Whether regular or irregular, these subsequent proceedings were vacated by the appeal to the circuit court, where the cause stood for trial *de novo*, and not, as in an appellate court, for the review and correction of errors. *Fleming* v. *Hight*, 95 Ind. 78; *Munson* v. *Blake, supra.*

Such subsequent proceedings being vacated by the appeal, nothing disclosed by them, whether of omission or commission, afforded any cause for dismissing the petition. *Sunier* v. *Miller*, 105 Ind. 393.

The judgment dismissing the petition is reversed, with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.

Filed May 22, 1886; petition for a rehearing overruled June 23, 1886.