76 563
83 423

HAMPE *et al.* v. SCHAFFER *et al.*

**Statute of Limitations:** COMMENCEMENT OF ACTION. For the purpose of the statute of limitations, the action is begun when the original notice is delivered to the sheriff of the proper county with intent that it be served immediately ; and that intent will be presumed unless the contrary appears. ( Code, sec. 2532.) Accordingly *held* that where the original notice was delivered to the sheriff of the proper county before the statute had run against the action, and was served upon one of the parties in the county before that time, and was served upon other parties who resided out of the county after that time, the action was not barred as to the persons residing out of the county ;—the rule being that the time of delivery to the sheriff, and not the time of service, determines the commencement of the action.

*Appeal from Washington District Court.*—HON. D. RYAN, Judge.

FILED, JANUARY 19, 1889.

ACTION in equity to foreclose a mortgage on lands, securing a promissory note. There was a decree granting the relief payed for in the petition. Defendants appeal.

*H. & W. Schofield* and *J. Roberts*, for appellants.

*Dewey & Eicher*, for appellees.

BECK, J.—I. The defendants in their answer pleaded the bar of the statute of limitations. The abstract shows the facts involved in this defense to be as follows: An original notice for service was placed in the hands of the sheriff of the county wherein the action was commenced, before the expiration of the time in which the action could have been commenced, and before that time was served upon one of the defendants, who, it is alleged, claims some interest in the mortgaged property. After the expiration of that time, notices were issued and served upon the maker of the

note, the mortgagors and other defendants. The service of the first notice was made in the county in which the action was brought. Service of a subsequent notice was made in the same county, and service of another notice was accepted by the maker of the note in another county, where he resided. These services were made after the time prescribed by the statute of limitations had fully run.

II.    We are to inquire whether the action is barred as to defendants served with notice after the time prescribed by the statute of limitations had fully run. An action commenced before the time prescribed by the statute has fully run may be prosecuted to judgment afterwards. Code, section 2532, is in this language: "The delivery of the original notice to the sheriff of the proper county, with intent that it be served immediately, which intent shall be presumed unless the contrary appears, or the actual service of that notice by another person, is a commencement of the action." The notice was delivered to the sheriff of the county in which the action was commenced. Is he "the sheriff of the proper county," contemplated by the statute just quoted? .We think he is. He is required to serve all notices upon defendants who reside in other counties. His return of "not found," is evidence of the fact that service could not be made in his county, and raises a presumption that the defendant is not a resident of his county. A plaintiff, upon commencing an action, may believe that the defendant is a resident of, or can be found in, the county. He is authorized to act upon this belief, and deliver the notice to the sheriff for service, whose return of "not found," may be the plaintiff's first intimation of the absence of the defendant from the county. The time and manner of the commencement of the action, were the rule otherwise, would depend upon the plaintiff's knowledge and belief of the whereabouts of the defendant. He brings his action in the right county, and has reason to belivees that the defendant may be found therein, and delivers the notice for service accordingly. The defendant suffers no prejudice,

for the delivery of the notice to the sheriff of the county wherein he is found would not advise him of the day of the commencement of the action, yet he might not be served until long after the notice was so delivered. No greater delay would arise if the notice be first delivered to the sheriff of the county wherein the action is commenced, and another notice afterwards served in the county where defendants are found. It is said that, as to one of the defendants found in the county, there was a delay in serving. But the law presumes that it was the plaintiff's intention that service be at once made. Code, sec. 2532. He cannot be held responsible for the neglect of duty of the sheriff in this regard. The statute requires that the time of the commencement of the action shall be determined by the delivery of the notice, not by the time of service. The notice was delivered, and the action was then commenced. It is very plain that a subsequent neglect of duty by the sheriff will not defeat the act of the plaintiff in delivering the notice, and be regarded as the discontinuance of the action already commenced. In our opinion the district court rightly held that the action was not barred by the statute of limitations.

AFFIRMED.