J. L. BRACKEN, Appellant, v. S. E. McALVEY, Appellee.

**Limitation of Actions**: COMMENCEMENT OF ACTION: CONSTRUCTION OF STATUTE. In an action upon a promissory note properly commenced in a county other than that in which the defendant resides, as in the county where the note is, by its terms, made payable, the delivery of an original notice to the sheriff of such county, with the intention that it be served immediately, will be sufficient to stop the running of the statute of limitation as to said action, although the service of such notice was made upon the defendant in the county of his residence, after the action had become barred.

*Appeal from Tama District Court.*—HON. L. G. KINNE, Judge.

WEDNESDAY, OCTOBER 14, 1891.

THE plaintiff brings this action upon a promissory note dated December 15, 1875, due fifteen months after date, and payable " at First National Bank of Tama City, Iowa." The petition was filed March 19, 1887. The defendant demurred on the ground that the petition showed that the cause of action did not accrue at any time within ten years next prior to the commencement of this action. It was stipulated that in the con-

sideration of the demurrer "the following facts shall be considered by the court, which, for said purposes, are hereby agreed upon by the parties: *First.* That the 'original notice' herein was delivered to the sheriff of Tama county, Iowa, March 12, 1887, with the intention that it be served immediately; *second,* that the defendant was a resident of Grundy county, Iowa, at and before said notice was delivered to said sheriff, and ever since has been a resident of Grundy county, Iowa; *third,* that said notice was served on the defendant in Grundy county, Iowa, March 20, 1887, by C. F. McGee, who was specially deputized by said sheriff of Tama county, Iowa, to serve the same; *fourth,* that said defendant, had, for several years before the commencement of said suit, been a resident of Tama county, and the plaintiff, when he commenced said suit, supposed the defendant was a resident of Tama county, Iowa, and did not know he had removed to Grundy county." The demurrer being sustained, the plaintiff appeals.—*Reversed.*

*O. H. Mills,* for appellant.

*G. L. Bailey* and *Struble & Stiger,* for appellee.

GIVEN, J.—We have no argument or brief from the appellee. The question disclosed by the record is whether this action was commenced at the time the original notice was delivered to the sheriff, or not until the filing of the petition. If the former, then the action is not barred; and if the latter, then it is. The note is payable in Tama county; therefore, the action might properly be brought in that county; but the query remains, whether, in such case, the defendant being a resident of and served in another county, the delivery of the notice to the sheriff of Tama county was a commencement of the action. Section 2532 of the Code is as follows: "The delivery of the original

notice to the sheriff of the proper county, with intent that it be served immediately, which intent shall be presumed unless the contrary appears, or the actual service of that notice by another person, is a commencement of the action." The stipulation of facts concedes that this original notice was delivered to the sheriff of Tama county "with intent that it be served immediately." The action being brought in the proper county, the delivery of the original notice to the sheriff of that county was a delivery to the sheriff of the proper county, and, having been so delivered "with intent that it be served immediately," was the commencement of this action. As the action was not barred at that date, the demurrer should have been overruled. *Hampe v. Schaffer*, 76 Iowa, 563 (decided since the submission in the district court) is in point. REVERSED.