## GEISEN *v.* KAROL ET AL.

[No. 12,966.   Filed January 3, 1928.]

1. ACTION.—The mere fact that a person was named in the complaint as a defendant does not make him a party to the action.  p. 657.

2. ACTION.—*Commencement of action.*—An action is not commenced until the summons is delivered to the officer authorized to serve it.  p. 657.

3. ACTION.—*Delivery of summons to sheriff, without service thereof, does not keep the action alive.*—The delivery of a summons to the sheriff for service on a defendant does not have the effect of keeping the action alive as to him after the close of the term at which it was returnable where it was not actually served during such term.  p. 658.

4. ACTION.—*Hiatus in process operates as a discontinuance.*— Where one of several defendants has not been served with process, a hiatus in the process as to such defendant will operate as a discontinuance as to him.  p. 658.

5. APPEAL.—*Person named as defendant, but not served with process, was not necessary party to appeal.*—Where one of several persons named in a complaint as defendants was not served with process, by publication or otherwise, and did not appear to the action, he was not a party thereto, and was not a necessary party to an appeal from a judgment against the other parties.  p. 658.

6. APPEAL.—*Rights of person named as defendant, but not served with process, not affected by reversal or affirmance of judgment against others.*—The rights of a person named as a defendant, but not served with process, and not appearing to the action, are not affected by the reversal or affirmance of a judgment against the others named as defendants.  p. 658.

7. MORTGAGES.—*Agreement between mortgagee and mortgagor whereby former was to look to purchaser of property for payment of mortgage note held no release of mortgagor.*—An agreement between a mortgagee and mortgagor whereby the former agreed that if a purchaser of the mortgaged land assumed payment of the note secured by the mortgage, the mortgagee would look to such purchaser for payment, thereby releasing the mortgagor, constituted merely an oral executory agreement, and where the original note was not taken up and a new note by the purchaser tendered to the mortgagee, the mortgagor was not discharged from liability on the note.  p. 659.

8. MORTGAGES.—*Mortgagor's answer in action to foreclose mortgage held insufficient to show discharge of mortgagor by mort-*

*gagee's agreement to accept purchaser of property in lieu of mortgagor's liability on note.*—In an action by the mortgagee to foreclose the mortgage and recover on the note secured thereby, a paragraph of answer alleging that the mortgagee agreed that if the purchaser of the mortgaged property assumed payment of the note, the mortgagee would look to him for payment thereof and release the mortgagor, but that, through neglect, the original note was not taken up and new one given, did not state a defense to the action and a demurrer thereto should have been sustained. p. 661.

9. MORTGAGES.—*Mortgagee's failure to have mortgage recorded would not affect mortgagor's liability on the mortgage note.*— In mortgagee's suit to foreclose the mortgage and recover on the note secured thereby, the mortgagee's failure to have the mortgage recorded would not release the mortgagor from his liability on the note, as the mortgagee would be under no duty to the mortgagor to have the mortgage recorded. p. 661.

10. ESTOPPEL.—*Pleading estoppel.*—An estoppel must be pleaded with particularity and precision, and nothing can be taken by intendment. If there is any ground for inference or intendment, it will be against, and not in favor of, the estoppel. p. 661.

11. MORTGAGES.—*Paragraph of answer held insufficient on demurrer in action to foreclose mortgage.*—In a suit to foreclose a mortgage and to recover on the note secured thereby, a paragraph of answer by the mortgagor alleging that a purchaser of the property had assumed the payment of the note as a part of the purchase price, and the mortgagee had "negligently" failed to record the mortgage in disregard of the mortgagor's request to do so, did not state a defense, and a demurrer thereto should have been sustained. p. 661.

12. MORTGAGES.—*Evidence held sufficient to sustain finding in favor of subsequent purchaser of mortgaged land when mortgage was not recorded.*—In a suit to foreclose a mortgage on real estate against the mortgagor and a subsequent purchaser of the mortgaged property, where the mortgage was never recorded, and the purchaser pleaded that she paid full value for the land without any notice or knowledge of the mortgage, and that she did not assume or agree to pay the same, the evidence was *held* sufficient to sustain a finding in her favor, not only to sustain her answer, but also to sustain her cross-complaint to quiet title to the mortgaged land. p. 662.

From LaPorte Circuit Court; *John C. Richter,* Judge.

Suit by Peter A. Geisen against Helena Karol, Frank Piotrowski and others to foreclose a mortgage executed

by the last named, in which the defendant first named filed a cross-complaint to quiet her title. From a judgment for defendants on the complaint and for the defendant first named on her cross-complaint, the plaintiff appeals. *Affirmed as to the first named defendant and reversed as to defendant last named.* By the court in banc.

*M. E. Leliter,* for appellant.

*Ralph N. Smith, Ben C. Rees, Russell W. Smith, Herman W. Sallwasser, Norman H. Sallwasser* and *Milton J. Sallwasser,* for appellee.

McMAHAN, J.—On November 4, 1919, Frank Piotrowski, by his promissory note, promised to pay appellant $2,000, with six per cent. interest payable semiannually. The note by its terms is due November 4, 1929. In order to secure the payment of this note, Piotrowski gave appellant a mortgage on certain lands in LaPorte county.

This is an action by appellant on the note and to foreclose the mortgage. The complaint alleges a failure to pay the interest subsequent to November 4, 1924, that by reason thereof, the whole of the note was due; that in May, 1924, Piotrowski sold and conveyed the mortgaged land to Walter Dzierdzik and Michalina Dzierdzik, his wife, who assumed and agreed to pay the note, as a part of the purchase price of the land; that in December, 1925, Walter and Michalina conveyed the real estate to appellee, Helena Karol, who knew that appellant held a mortgage on the real estate; and that the real estate was conveyed to her subject to such mortgage.

An examination of the note and mortgage which are made a part of the complaint discloses that there is no acceleration clause in either the note or mortgage.

Mrs. Karol filed an answer in three paragraphs, the

first being a general denial. The second alleges that the mortgage was not recorded until in January, 1926, which was after she purchased the land, that she paid full value for the land and without any notice or knowledge of the mortgage in question and that she did not assume or agree to pay the same. The third paragraph alleges that appellant did not record the mortgage, for the reason that the record of the same would disclose his ownership and cause him to be assessed and to pay taxes thereon, and that, when the answering defendant purchased the real estate, she had no knowledge of the existence of the mortgage. She also filed a cross-complaint to quiet her title as against the mortgage, alleging she was a good faith purchaser for value without any knowledge of the mortgage.

Frank Piotrowski filed an answer in three paragraphs. The first is a general denial. The second admits the execution of the note and mortgage, and alleges that in January, 1924, he sold the mortgaged real estate to Walter Dzierdzik and his wife, Michalina, who, as a part of the consideration, agreed to assume said note and mortgage, said agreement to assume being written on the back of the mortgage and signed by said purchasers; that prior to this sale, the answering defendant told appellant that Dzierdzik wanted to purchase the land and had agreed to assume the note and mortgage and that appellant informed this defendant that Dzierdzik could assume the payment of the note and mortgage and that appellant would look to Dzierdzik for the payment of the same; that through neglect the note secured by the mortgage was not destroyed and a new one given by Dzierdzik, although that was the understanding of the parties concerned. The third paragraph alleges the execution of the note and mortgage, and the sale of the real estate to Dzierdzik, the agreement of the latter to assume the debt, the execu-

tion of the written agreement to assume on the back of the mortgage, the failure of appellant to record the mortgage for the reason that he desired to evade the payment of taxes thereon, and that this defendant believed the mortgage had been recorded, by reason of which facts, he alleges appellant should be estopped from setting up any claim on the note and mortgage against the answering defendant.

Appellant demurred to the second and third paragraphs of the separate answers of Mrs. Karol and Piotrowski for want of facts. These demurrers were overruled, and the issues being closed, there was a trial by the court, which resulted in a judgment in favor of Mrs. Karol on the complaint, that the plaintiff, appellant herein, take nothing, and in favor of Mrs. Karol on her cross-complaint quieting her title against appellant and ordering the mortgage canceled of record. There was also a judgment in favor of appellee Piotrowski that appellant take nothing. The cause was continued as to Walter Dzierdzik.

Appellant filed a motion for a new trial, the specifications being: (1) The finding is not sustained by sufficient evidence; and (2) the finding in favor of Piotrowski on his answer to the complaint is not sustained by sufficient evidence. This motion was overruled. The errors assigned challenge the overruling of the several demurrers and the motion for a new trial.

There is no merit in the suggestion that the appeal should be dismissed because Walter Dzierdzik is not named in the assignment of errors as a party to 1, 2. the appeal. While Dzierdzik was named in the complaint as a defendant, the record fails to show the action was ever commenced as to him. The simple fact that he was named in the complaint as a defendant did not make him a party to the action. Follow-

ing the filing of the complaint, appellant filed an affidavit of the nonresidence of Dzierdzik, but he was never served with process, by publication or otherwise, and he did not appear to the action. The cause was submitted to the court for trial November 12, 1926, and the record shows that on that day a summons was issued for Dzierdzik returnable November 26, 1926. This was at the September term of court. The next term of court began the first Monday in December, 1926. There is no showing that the summons ever reached the hands of the sheriff, and it is well settled in this state that an action is not commenced until the summons is delivered to the officer authorized to serve it. *Marshall* v. *Matson* (1908), 171 Ind. 238, 244, 86 N. E. 339.

If it be conceded that the summons was delivered to the sheriff for service, that fact alone is not sufficient to show the action was pending against Dzierdzik at the time the transcript and assignment of errors were filed in this court. The summons, not having been served, became *functus officio*, and did not have the effect of keeping the action alive as a pending cause after the close of the term of court at which it was issued and during which it was returnable

3.

Where one of several defendants has not been served with process, a *hiatus* in the process as to him will operate as a discontinuance as to him. And it has been frequently held that a summons loses its vitality after the return day and that a service made after the return day will not confer upon the court jurisdiction over a defendant so served. *Hatch* v. *Alamance R. Co.* (1922), 183 N. C. 617, 112 S. E. 529, and authorities there cited. We hold no action was pending against Walter Dzierdzik when this appeal was taken, and that the judgment against Mrs. Karol and Piotrowski was a final judgment against all parties to the action so as to give this court jurisdiction over this

4-6.

appeal. Neither a reversal nor an affirmance of the judgment will affect the rights of Dzierdzik.

Appellant contends the court erred in overruling his demurrer to the second and third paragraphs of the answer of Piotrowski. Appellant treats the second paragraph of this answer as an answer of estoppel, and insists that it is subject to demurrer for several reasons. Appellee Piotrowski makes no attempt to sustain this paragraph upon the theory that it is a good answer of estoppel. He seeks to sustain the ruling of the court upon the theory that this paragraph alleges that Dzierdzik assumed the payment of the note and mortgage and that appellant agreed to look to Dzierdzik for payment. This paragraph admits the execution of the note and mortgage as alleged in the complaint, and alleges that the defendant Piotrowski sold the land to Dzierdzik January 14, 1924, instead of May 31, 1924, as alleged in the complaint; that, before he sold the land, he saw appellant and told him Dzierdzik wanted to purchase the land and, as a part of the consideration, agreed to assume the note and mortgage, and that appellant informed this defendant that Dzierdzik could assume the payment of the note and mortgage and that appellant would look to Dzierdzik for such payment. That, through neglect, the note was not destroyed and a new one given, although that was the understanding of all parties concerned, and that the plaintiff agreed to look to Dzierdzik for payment. By this answer, Piotrowski seeks to avoid payment of the note upon the theory and because appellant informed him, Dzierdzik could assume the payment of the note and that appellant would look to Dzierdzik for such payment. If, as appellee insists, this is not intended as an answer of estoppel, it must be construed as an answer setting up an agreement on the part of appellant to release appellee from the payment of a debt

owing by the latter and to accept Dzierdzik as the debtor in place of appellee. There is no allegation that appellant agreed to release appellee from the payment of the debt and that appellant would look wholly to Dzierdzik for the payment of the debt. If it be conceded that the answer does allege such an agreement, the only inference favorable to appellee that can be drawn from the facts alleged is that appellant was to accept a new note from Dzierdzik and, upon the execution and acceptance of that note he was to surrender the note executed by Piotrowski. If that was the agreement and understanding of the parties, it would seem that before Piotrowski could ask to be relieved from the payment of his note, he should have tendered to appellant a note signed by Dzierdzik and demanded the surrender of the note in question. The answer admits that somebody was negligent in not seeing that the new note was given and the old one surrendered. It appears to us that if any one is to be charged with negligence, that person is appellee, as he is the one who should have seen that the new note was executed. The alleged agreement between appellant and appellee, at the best, was no more than an oral executory agreement, and not available as a defense until appellee had tendered to appellant a note signed by Dzierdzik. If the agreement was not completed, it would seem that appellee has no one to blame except himself. All that was necessary in order to have protected appellee was to have had the agreement of Dzierdzik to assume and pay the note inserted in the deed to Dzierdzik. The alleged contract being only executory, appellee is in no position to ask that he be relieved from the payment of the note in question. The demurrer to this paragraph of answer should have been sustained.

The third paragraph alleges that, after the payment of the note and mortgage had been assumed by Dzierd-

zik, appellee urged appellant to have the mortgage recorded. How long this was after the conveyance of the land to Dzierdzik is not disclosed by the answer. It also alleges that appellee Piotrowski sold the land to Dzierdzik January 14, 1924, and that, some time after that, he urged that the mortgage be recorded. The clear inference is that appellee knew the mortgage was not recorded. He next alleges that appellant "negligently failed to record" the mortgage and did not record it for the reason that he desired to evade taxation. There is no claim that appellant was under any duty to appellee to record the mortgage, and we fail to understand how appellee can claim he was damaged by any neglect of appellant. The fact that appellant did not record the mortgage for the reason that he desired to evade taxation would not release appellee from his obligation to pay the note. Where an estoppel is relied upon, it must be pleaded with particularity and precision, and nothing can be taken by intendment. If there is any ground for inference or intendment, it will be against, and not in favor of, the estoppel. *Dudley* v. *Pigg* (1897), 149 Ind. 363, 371, 48 N. E. 642. There is no claim or contention that there is any allegation that Piotrowski would not have sold the real estate to Dzierdzik if appellant had not agreed that Dzierdzik could assume the mortgage debt. Indeed, appellant was in no position to prevent any purchaser assuming the debt. He was not a party to that agreement. The only parties to that agreement were Piotrowski and the Dzierdziks. Clearly, this paragraph is lacking the essential elements of estoppel. The demurrer thereto should have been sustained.

Appellant contends that the finding in favor of appellee Piotrowski is not sustained by sufficient evidence. The execution of the note and mortgage was admitted.

The only defense Piotrowski made was the defense set out in the second and third paragraphs of his answer, neither of which stated a good defense. Inasmuch as the cause must be reversed as to Piotrowski because of the error in overruling the demurrer to his answer, we do not need to enter into a discussion of the evidence.

The evidence. is ample to sustain a finding in favor of Mrs. Karol on the second paragraph of her answer and on her cross-complaint. The mortgage was 12. not recorded until several months after she purchased the land, and there is evidence that she paid a valuable consideration for it, and that she had no knowledge of the existence of the mortgage. The court did not err in overruling the motion for a new trial as to the issues presented by the answer and cross-complaint of Mrs. Karol.

The judgment is affirmed as to appellee Helena Karol, and reversed as to appellee Frank Piotrowski, with directions to sustain the demurrer to the second and third paragraphs of his answer, and for further proceedings consistent with this opinion.

Dausman, J., absent.