STATE, EX REL. MOURER v. EACRET.

[No. 13,193.   Filed January 5, 1928.]

1. BASTARDS.—A bastardy proceeding cannot be commenced after the birth of a stillborn child.   p. 664.

2. ACTION.—*Commencement of action.*—The commencement of an action dates from the time the summons or other writ is delivered to the officer for service.   p. 665.

3. ACTION.—*Process must be executed or kept alive by alias or pluries writ until served to operate as commencement of action.*—In order that the issuance of process to an officer may operate as the commencement of the action, the writ must either be executed or kept alive by an alias or pluries writ until duly served; there can be no abandonment or discontinuance of the writ.   p. 665.

State, ex rel., *v.* Eacret—86 Ind. App. 662.

4. BASTARDS.—*Abandonment of writ for arrest of defendant without service thereof discontinued proceeding and issuance of new writ after birth of stillborn child was not authorized.*— On the filing of an affidavit of pregnancy as authorized by §1926 Burns 1926, the justice of the peace issued a writ for the arrest of the party named therein and placed it in the hands of a special constable for service. While the writ was in his hands, the relatrix gave birth to the child, which was stillborn. The constable died without executing or making return of the writ, and the justice thereafter issued a new writ on which the defendant was arrested and brought into court and tried. The justice found that the defendant was the father of the child and entered an order for his appearance in the circuit court at the next term thereof. In that court, the defendant filed an answer setting up the facts above stated, which was held sufficient on demurrer. *Held,* that the answer stated a defense to the proceeding, and the demurrer was properly overruled, as the facts showed an abandonment of the original writ and the commencement of a new action after the birth of a stillborn child. p. 666.

From Warren Circuit Court; *Harley D. Billings,* Judge.

Bastardy proceeding by the State of Indiana on the relation of Geneva Mourer against Fred Eacret. From a judgment for defendant, the plaintiff appeals. *Affirmed.* By the court in banc.

*Edwin F. McCabe,* for appellant.
*Victor H. Ringer,* for appellee.

REMY, C. J.—Proceeding in bastardy. In her affidavit filed as the complaint, August 2, 1926, relatrix stated that defendant, appellee herein, was the father of her unborn child. The justice of the peace immediately issued and placed in the hands of Avis Dutcher, special constable, a writ, returnable forthwith, for the arrest of defendant. On September 18, 1926, Dutcher died without having executed, or made return of, the writ. While the writ for the arrest of defendant was in the hands of Dutcher, on August 25, 1926, relatrix gave birth to the child, which was stillborn. On No-

vember 1, 1926, the justice of the peace issued a new writ, on which the defendant was arrested and brought into court. The evidence being heard, the justice of the peace found that the defendant was the father of the child, and made an order that he appear before the Warren Circuit Court at the next term thereof, fixing bond at $200. When the cause came on for hearing in the circuit court, the defendant filed an answer setting up the above facts as to the filing of the complaint, the issuance of the writ, the death of the constable and the birth of the child, it being the theory of the answer that no action had been commenced against appellee before the delivery of the child, and that since the child was stillborn, the action could not be maintained. To the answer plaintiff demurred for want of sufficient facts, the demurrer was overruled and plaintiff refusing to plead further, judgment was rendered in favor of appellee, as upon default. This appeal followed.

Action of the court in overruling the demurrer is assigned as error.

Section 1 of the Bastardy Act (2 R. S. 1852 p. 485, §1049 Burns 1926), authorizes the commencement of a proceeding in bastardy in a justice of the peace court, upon the filing, by a woman, of an affidavit that she has been delivered of, or is pregnant with, a bastard child. Section 20 of the same act (2 R. S. 1852 p. 490, §1068 Burns 1926) provides: "The death of a bastard child shall not be cause of abatement or bar to any prosecution for bastardy; but the court trying the same shall, on conviction, give judgment for such sum as shall be deemed just." The Supreme Court, construing these provisions of the act, has held that a proceeding in bastardy cannot be commenced after the birth of the child, if the child was stillborn. *Canfield* v. *State, ex rel.* (1877), 56 Ind. 168. See, also, *Robinson* v. *State, ex rel.* (1891), 128 Ind. 397, 27 N.

E. 750; *Lewis* v. *Hershey* (1910), 45 Ind. App. 104, 106, 90 N. E. 332.

The law is well established in this jurisdiction that the commencement of an action dates from the time the writ was regularly delivered to the officer for service. §55 Code Civ. Proc., §332 Burns 1926; *Fordice* v. *Hardesty* (1871), 36 Ind. 23; *Alexander Gas Co.* v. *Irish* (1899), 152 Ind. 535, 53 N. E. 762; *Marshall* v. *Matson* (1908), 171 Ind. 238, 86 N. E. 339.

Under the facts of this case, as above stated, when was the action commenced? If commenced November 1, that was after the delivery of the child stillborn, and the judgment of the trial court must be affirmed. On the other hand, if the action was commenced August 2 —a date prior to the delivery of the child—then the judgment must be reversed.

It is the contention of appellee, and the trial court held, that the action which was commenced on August 2, was abandoned, and that by the issuance of the writ of November 1, a new action was commenced as of that date. We concur in that view.

In order that the issuance of process to a serving officer may operate as the commencement of the action as of the time of the issuance, the writ must be executed, or must be kept alive by an *alias* writ or by *pluries* writs until duly served; there must be no discontinuance of process in the meantime. Chitty in discussing the question, says: "If the proceeding should be by writ of summons, then the plaintiff, or his attorney must return '*non est inventus*' and enter the same of record in due time. * * * If it be necessary to continue the first writ of summons, then an alias or pluries may be issued into the same or another county; and it is very essential to take care that the first writ, whether of summons or capias, be in due time

returned *non est inventus,* and that every continued process to save the statute of limitations must have a memorandum indorsed or subscribed, specifying the date of the first writ." Chitty, Practice 408. To the same effect, see *Jones* v. *Mackey* (1895), 2 Lack. Leg. N. (Pa.) 375; *Boggs* v. *Symmes* (1832), 8 Rich. (S. C.) 443; *Fulbright* v. *Tritt* (1837), 19 N. C. 491; *Hatch* v. *Alamance R. Co.* (1922), 183 N. C. 617, 112 S. E. 529; *Geisen* v. *Karol* (1928), *ante* 653, 157 N. E. 469.

We hold that there having been no execution of the original writ, and no *alias* issued thereon, the issuance of the writ of November 1 was an abandonment of the original action and the commencement of a new one.

Affirmed.