METROPOLITAN LIFE INSURANCE COMPANY *v.* ARMSTRONG

[No. 14,413. Filed June 3, 1932. Rehearing denied October 27, 1932. Transfer denied March 28, 1933.]

*Phelps F. Darby, Isidor Kahn, Robert C. Enlow,* and *Edward E. Meyer,* for appellant.

*George D. Heilman* and *Joseph H. Iglehart,* for appellee.

LOCKYEAR, J.—The complaint in one paragraph was filed in the office of the clerk, January 11, 1930, and by endorsement thereon appellant fixed the 24th day of January, 1930, as the day for appellee to appear. Summons was issued by the clerk accordingly. It was regularly delivered to the sheriff of Vanderburgh County, January 11, 1930, and later on the same day was delivered back

to the clerk with a sheriff's return of "not found." Appellant, on the 19th day of April, 1930, caused a second or alias summons to be issued, returnable May 5, 1930. This summons was duly served on appellee April 21, 1930, and due return made showing personal service. Appellee filed an answer in abatement charging that the suit was filed in the December, 1929, term, and that the summons which was served in the next subsequent or March, 1930, term was too late because the suit was no longer a pending action after March 1, 1930, which was the last day of the December term.

The facts were found specially and conclusions of law stated thereon. The facts found by the court were in substance as stated above and in addition thereto the court found the following facts:

That no complaint has been filed by the plaintiff in this cause except the original complaint filed on the 11th day of January, 1930, and said complaint has not been amended or attempted to be amended and has not been refiled in this cause or in the office of the Clerk of this Court.

That no service was ever had on the defendant in this action by means of summons, or by attachment, or by publication, or in any other manner excepting only that the sheriff of Vanderburgh County, on April 21, 1930, read to the defendant the same summons dated April 19, 1930. No request was made by the plaintiff, by its attorneys or otherwise for the issuance of any process or notice of any sort whatsoever in this cause before the 19th day of April, 1930, excepting only that the plaintiff by its attorney, Edward E. Meyer, by endorsement on the complaint herein, on the 11th day of January, 1930, requested the issuance on that day of the summons which was in fact issued on that day returnable January 24, 1930.

Upon the above and foregoing findings of fact, the court states its conclusions of law as follows, to-wit:

"The law is with the defendant and the defendant is entitled to have the action herein abated.

"Upon the termination of the December, 1929, term of this court on the 1st day of March, 1930, the action which was begun by the plaintiff by the filing of its complaint herein on January 11, 1930, terminated and was at an end and this cause was not pending as a cause in this court on the 19th day of April, 1930, when the plaintiff procured the issuance of an alleged summons herein directed against the defendant, which by its terms purported to require the defendant to appear herein on the 5th day of May, 1930.

"This cause having ceased to be a pending cause, when the alleged summons was issued on the 19th day of April, 1930, this action should be abated and the defendant is entitled to a judgment and decree herein abating this action.".

The appellant at the time excepted to each of the foregoing conclusions of law and the court then rendered judgment, that this action abate and the defendant recover her costs herein.

The appellant filed a motion for a new trial for the following reasons:

(1) That the decision of the court is not sustained by sufficient evidence; and

(2) The decision of the court is contrary to law.

Said motion for a new trial was overruled by the court, to which ruling of the court the appellant at the time excepted and said ruling is assigned as error herein.

2 R. S. 1852, page 5, being section 1394 Burns 1926, is as follows:

"If, at the end of the term of any court, any matters pending therein are undetermined, the same shall stand continued until the next term." Under this section it has

been held that all proceedings are continued by operation of law by adjournment of court without order of continuance. *Black* v. *Thompson* (1886), 107 Ind. 162, 7 N. E. 184; *Osborn* v. *Sutton* (1886), 108 Ind. 443, 9 N. E. 410.

Acts 1881, Special Session, Page 240, being Section 332, Burns 1926, provides: "A civil action shall be commenced by filing in the office of the clerk a complaint, and causing a summons to issue thereon; the action shall be deemed to be commenced from the time of the issuance of the summons." This section of the statute has been construed to mean that the action is deemed to be commenced when the summons has been issued by the clerk and placed in the hands of the sheriff for service. *Alexandria Gas Co.* v. *Irish* (1899), 152 Ind. 535, 53 N. E. 762; *Marshall* v. *Matson* (1908), 171 Ind. 238, p. 244, 86 N. E. 339.

Section 575, Burns 1926, provides: "If at any time after the filing of the complaint, it shall be found that any party to the action has not been properly notified, the plaintiff may file with the clerk or indorse on the complaint a written request for such notice to be given, naming therein the day of the pending or subsequent term on which such party is required to appear to the action, and summons shall be issued or publication made accordingly in the proper case as above provided."

If alias process is issued, it has been held that the action is commenced from the issuance of the first process. *St. Louis A. & T. R. R.* v. *Shelton* (1893), 57 Ark. 459, 21 S. W. 876. The suit was not begun by issuing the alias summons, but by filing the complaint and issuing the summons in the first instance. The first summons was issued within the period of limitations prescribed for such suits. The cause was therefore not barred. To the same effect see *Swisher* v. *Williams* (1834), *Wright* (Ohio) 754; *Flint* v. *Powell*

(1899), 13 Colo. App. 425, 72 Pac. 60; *Needham* v. *Salt Lake City* (1891), 7 Utah 319, 26 Pac. 920; *Bracken* v. *McAlvey* (1891), 83 Iowa 421, 49 N. W. 1022; *Hampe* v. *Schaffer* (1889), 76 Iowa 563, 41 N. W. 315; *Collins* v. *Bane* (1872), 34 Iowa 385; *Ewell* v. *Chicago & N. W. R. Co.* (1886), (C. C. A.) 29 Fed. 57; *Kelley* v. *Harrison* (1892), 69 Miss. 856, 12 So. 261; *McGrath* v. *St. Louis K. C. & C. R. R. Co.* (1895), 128 Mo. 1, 30 S. W. 329; *South Missouri Lumber Co.* v. *Wright* (1892), 114 Mo. 326, 21 S. W. 811.

In *Ontario Bank* v. *Rathburn* (1838), 19 Wend. (N. Y.) 291, a capias sent out and returned *non est inventus* continued down by regular continuances on a continuance roll to the term when the process issued upon which the defendant was arrested saves the attaching of the statute of limitations, and it seems that no length of time between the first and last process destroys the effect of such a proceeding: In the above case 17 years elapsed between the issuing of the two writs. Exactly the same holding is in *Fuller* v. *Dempster* (1887), (Pa.), six years intervened. 8 Sad. 546, 11 Atl. 670, citing three Pennsylvania cases.

The appellee herein relies upon the cases of *Geisen* v. *Karol* (1928), 86 Ind. App. 653, 159 N. E. 469, and *State ex rel.* v. *Eacret* (1928), 86 Ind. App. 662, 159 N. E. 473, but the questions presented in this appeal are not involved in either of the above cases and are not decisive of the question.

The statute in this case governing the matters involved herein is so clear and unambiguous that a further discussion is not necessary.

The judgment is reversed with instructions to restate the conclusions of law in harmony with this opinion and render judgment for the appellant on the plea in abatement.