EDWARD BURD, PLAINTIFF-RESPONDENT, v. EDWIN D. TILTON, DEFENDANT-APPELLANT.

Submitted January 30, 1933—Decided June 29, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Gray & Reid* (*Charles Stockdell Gray* and *Langdon E. Morris,* of counsel).

For the respondent, *Giuliano & Giuliano* (*Anthony Giuliano,* of counsel).

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff rendered by the trial judge sitting without a jury in the District Court of the Second Judicial District of the county of Monmouth.

The situation was this: The defendant was the owner of a motor truck which was involved in an accident with the automobile of the plaintiff on October 21st, 1929. The plaintiff's automobile was damaged and he suffered personal injuries for which this suit was brought, one count claiming for damage to the automobile and the other for personal injuries.

A summons was issued on October 16th, 1931, returnable October 28th, 1931. This summons was returned October 20th, 1931, "Not Served." Another summons was issued on November 2d, 1931, returnable on November 13th, 1931, and was duly served upon the defendant together with a copy of the state of demand.

The case came on for trial on June 6th, 1932. At the opening of the case a motion was made to strike the second count (for personal injuries) on the ground that the teste date of the summons (November 2d, 1931) and the date of the accident alleged in the state of demand (October 21st, 1929) showed that the action for personal injuries had been commenced more than two years after the cause of action had accrued and was barred by the statute of limitations. This motion was denied by the trial judge and the plaintiff's case was heard, at the conclusion of which a voluntary nonsuit was granted as to the first count for property damage. A motion was then made on behalf of the defendant for a nonsuit as to the second count on the ground that the plaintiff's testimony showed that the accident happened on October 21st, 1929, and the summons being tested November 2d, 1931, the action for personal injuries had been brought more than two years after the cause of action accrued, and was barred by the statute of limitations. This motion was likewise denied. Testimony was then taken on behalf of the defendant and both sides having rested, a motion was made on behalf of the defendant for judgment on the second count (it then being the only count before the court) on the ground that the plaintiff's cause of action was barred by the statute of limitations. That motion was denied and judgment for the plaintiff was rendered by the trial judge.

The appellant argues that the suit for personal injuries was commenced by summons dated November 2d, 1931, and so was barred by the statute of limitations, and that is the only question argued.

We think that the situation presents no cause for reversal. A suit is actually commenced as soon as the writ is sealed and issued out of the office in good faith, for the purpose of being served or proceeded on, and that purpose is not afterwards abandoned. *Whitaker* v. *Turnbull,* 18 *N. J. L.* 172.

Here the purpose of commencing the suit was not abandoned. The original summons was issued October 16th, 1931, and the fact that it was not served because the defendant could not be found, as was said in *Bittles* v. *West Ridgelawn Cemetery,* 108 *N. J. Eq.* 357; 155 *Atl. Rep.* 130, "did not impair its vitality to commence the suit nor diminish its efficiency to stay the running of the statute," and the second summons tested November 2d, 1931, "will be treated as tacked to the first writ and its return day as substituted for the original return day, in analogy to the course approved in *County* v. *Pacific Coast Borax Co.,* 67 *N. J. L.* 48; *affirmed,* 68 *Id.* 273; 50 *Atl. Rep.* 906."

The judgment will be affirmed, with costs.