LULU HICKS, AS ADMINISTRATRIX AD PROSEQUENDUM OF OBIE HICKS, DECEASED, AND AS GENERAL ADMINISTRATRIX OF THE ESTATE OF OBIE HICKS, DECEASED, PLAINTIFF, v. TONY CAVO, ET AL., DEFENDANTS.

Superior Court of New Jersey
Law Division

Decided March 28, 1950.

*Messrs. Rothbard, Harris & Oxfeld*, by *Mr. Bernard P. Hughes*, for plaintiff.

*Messrs. Fox & Schackner*, by *Mr. Donal C. Fox*, for defendants. ·

HARTSHORNE, J. C. C. Defendant claims the above death action for negligence is barred by the Statute of Limitations, the underlying facts in this regard having been stipulated for determination by the court previous to trial.

This stipulation shows that the accident in question occurred October 10, 1946, plaintiff's decedent having died October 27, 1946, therefrom. The two-year Statute of Limitations applies.

Summons with complaint annexed, as required under the old practice, were served on defendant Tony Cavo September 14, 1948. Similar service was made on defendant Peter Cavo September 23, 1948. A duplicate-original complaint was filed with the Clerk of the Superior Court January 10, 1949, the original papers having been lost.

Thus both defendants were served with the summons before the bar of the statute had run, but no complaint was filed with the Clerk till after the bar of the statute had run, and after the new judicial system had become effective.

Defendant relies on the new rules [3:3–1], providing that, "A civil action is commenced by filing a complaint with the court," claiming that accordingly the action was not commenced in time. Plaintiff claims that the action was commenced in time, and before September 15, 1948, the date when the new rules took effect, so that the above rule is inapplicable.

Under the practice previous to the effective date of. the Judicial Article of the new State Constitution, and the

rules thereunder—September 15, 1948 [*N. J. Const.* 1947, *Art. XI, Schedule, Sec. IV, Subsec.* 14]—the principle was well-settled that, "A suit is begun when process, duly tested and issued, is actually put in motion for the purpose of being served." [*County v. Pacific Coast Borax Co.,* 67 *N. J. L.* 48 (*Sup. Ct.* 1901); affirmed, 68 *N. J. L.* 273 (*E. & A.* 1902); *Mutual Savings Fund Harmonia v. Gunne,* 110 *N. J. L.* 41, 47 (*E. & A.* 1932).] Since the process in this case was actually served on one defendant September 14, 1948, the suit was obviously begun previous to this time, *i. e.,* previous to the time the new rules took effect.

The fact that another of the defendants was not served by the Sheriff till September 23, 1948, shortly after the new rules took effect, has no bearing on the time when the suit was begun. For this is dependent, not upon the time of service of the process, but upon the time when process "is actually put in motion for the purpose of being served." [*Mutual Savings Fund Harmonia v. Gunne, supra.*] Even were this second defendant to have been served by a second summons, the action having been commenced in time, the bar of the statute would not apply. [*Burd v. Tilton,* 11 *N. J. Misc.* 503, 167 *A.* 21 (*Sup. Ct.* 1933).] The action having once been commenced, obviously need not be recommenced.

█ The action having been commenced before the new rules took effect, and within time, the defense of the bar of the Statute of Limitations will be stricken.