Hart, J.,
dissenting. In this case, the question involved has to do with the subject and doctrine of the comity of courts of concurrent and coextensive jurisdiction of the same subject matter. It does not relate to any controversy as to whether the judgment of one court is a bar per se to the jurisdiction of another court to render a like judgment.
It is a fundamental rule that, as between courts of concurrent and coextensive jurisdiction, the one whose jurisdiction is first invoked by the filing of a petition and the issuance of summons or its equivalent, followed by the completion of service, acquires the power to adjudicate upon the whole issue and to settle the rights of the parties to the exclusion of all other tribunals. Ex Parte Bushnell, 8 Ohio St., 599, 601, 602, 603; Miller v. Court of Common Pleas of Cuyahoga County, 143 Ohio St., 68, 54 N. E. (2d), 130; John Weenink & Sons Co. v. Court of Common Pleas of Cuyahoga County, 150 Ohio St., 349, 355, 82 N. E. (2d), 730; State, ex rel. Miller, v. Court of Common Pleas of Lake County, 151 Ohio St., 397, 400, 401, 86 N. E. (2d), 464.
Comity of courts in this regard is predicated upon the commencement of actions, not upon the acquisition of power to render a final judgment or decree. Where an action is commenced by the issuance of process, it is commenced as of the time when the writ of summons is properly issued, with a bona fide intention that it be served, although service is not at that time actually had but is later completed. 1 Corpus Juris Secundum, 1397, citing Alpert v. Mercury Publishing Co.. 272 Mass., 39, 172 N. E., 221; Morrison v. Lewis, 197 N. C., 79, 147 S. E., 729; Murta v. Reilly, 274 Pa., 584, 118 A., 563; Byron v. Great American Indemnity Co., 54 R. I., 405, 173 A., 546; Burd v. Tilton, 11 N. J. Misc., 503, 167 A., 21; State, ex rel. Mourer, v. Eacret, 86 Ind. App., 662, 159 N. E., 473; People’s Mortgage Corp. v. Wilton, 234 Mich., 252, 208 N. W., 60; Rosenblatt v. *248 Foley, 252 Mass., 188, 147 N. E., 558; and Bradford Estate Co. v. Brown, 52 R. I., 103, 157 A., 874.
In 1 Corpus Juris Secundum, 1398, Section 129, the rule is stated as follows:
“Where the statutes permit or require such a method, an action is commenced by the filing of a declaration, petition, or complaint. The pleading must be filed in a regular and proper manner, with a bona fide intention to prosecute the action, and when filed the action is deemed commenced as of that time although process has not been issued or served, but service must thereafter be had or waived for the filing to have this effect.
< < * # *
“While generally the action is not regarded as commenced until the issuance of process, the filing of the pleading marks the commencement where made so by statute, or where such filing is regarded ^.s a demand for, or suing out of, process.
“* * * issuance of the process marks the commencement of the action although the process is not then served provided service is thereafter made in due time so as to perfect the jurisdiction of the court.” See Drummond v. Drummond, 49 Okla., 649, 154 P., 514 (a divorce action).
In Ohio, pursuant to Section 11279, General Code (Section 2703.01, Revised Code), “a civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon.” See Collier v. Bickey, 33 Ohio St., 523; Crandall v. Irwin, 139 Ohio St., 463, 40 N. E. (2d), 933, 139 A. L. R., 895.
Section 11230, General Code (Section 2305.17, Revised Code), provided:
‘ ‘ An action shall be deemed to be commenced within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him or on *249 a codefendant who is a joint contractor, or otherwise united in interest with him. When service by publication is proper, the action shall be deemed to be commenced at the date of the first publication, if it be regularly made.” (Italics supplied.)
However, the courts generally have held that the provisions, of this section have application only to the subject of limitation of actions.
It is the contention of the plaintiff, however, and as I understand it the holding of the majority opinion, that the provisions of Section 11279, General Code, apply to civil actions only and that a divorce action is not a civil action. It will be noted, however, that there was no express statutory authority in Chapter 3 (Divorce and Alimony), Division VII, Title IV, Part Third of the General Code, for the commencement of a divorce or alimony action by petition and the issuance of summons, and the plaintiff in such a case is in that regard relegated to the Code of Civil Procedure.
It will be noted that former Section 11984, Chapter 3 (Divorce and Alimony), Division VII (Special Actions), Title IV (Procedure in Common Pleas Court), Part Third (Remedial) of the General Code, authorized as follows service by publication in a divorce action:
“If the defendant is not a resident of this state or his residence is unknown, notice of the pendency of the action must be given by publication as in other cases. * * *” (Italics supplied.)
I take the view that the words, “as in other cases,’’ in the section just quoted, must have referred to the provisions of the Code of Civil Procedure for the mechanics of service by publication in divorce actions. This view, in my opinion, is expressly confirmed by the language of Section 8003-7, General Code, effective August 28, 1951, in connection with the adoption of which former Section 11984, General Code, was repealed. (See 124 Ohio Laws, 184, 202.)
*250 Section 8003-1, General Code (Section 3105.01, Revised Code), set out the grounds for divorce, and Section 8003-7, General Code (Section 3105.06, Revised Code), provided as follows:
“If the defendant is not a resident of this state, is a resident of this state but personal service cannot be served upon him, or his residence is unknown, notice of the pendency of the action must be given by publication as provided by Sections 11292 to 11301, inclusive, of the General Code. Unless it is made to appear to the court, by affidavit or otherwise, that his residence is unknown to the plaintiff, and after the exercise of reasonable diligence cannot be ascertained a summons and copy of the petition forthwith on the filing of it shall be mailed'to the defendant at his last known place of residence.”
As to service by publication in divorce cases, these provisions of our divorce statutes clearly adopt the provisions of the Civil Code, and in my opinion it necessarily follows that the provisions of the Civil Code as to when an action is to be deemed commenced under such service procedure must likewise apply to divorce actions even though such actions may not be classified as civil actions. This view is further supported by the generally recognized procedure by which the courts, upon the issuance of process and the first publication of service by publication and before service is completed, exercise jurisdiction to issue orders restraining the defendant from disposing of his or her property or withdrawing funds from a depository until a further order of the court or from molesting or disturbing the plaintiff during the pendency of the action, a jurisdiction wholly incompatible with the theory that the action is not commenced until service is completed.
Where there is located within the territorial jurisdiction of a court property of the defendant which may be subject to orders of the court in a divorce or alimony *251 action, the action is both in personam and in rem and the court may make preliminary orders concerning the res immediately upon the filing of the petition and the issuance of summons and before service is completed. Benner v. Benner, 63 Ohio St., 220, 221 to 227, 58 N. E., 569; Pennington v. Fourth Natl. Bank of Cincinnati, 11 N. P. (N. S.), 620, 22 O. D., 32, affirmed, 92 Ohio St., 517, 112 N. E., 1085. Even where, in a divorce or alimony action, there is no property of the defendant located within the territorial jurisdiction of the court, the court may nevertheless make preliminary orders restraining the defendant from molesting or interfering with the plaintiff during pendency of the suit, upon the filing of the petition and the issuance of summons and before the service of summons is completed. In each instance where substituted service or service by publication is authorized, there is involved a property status or other legal status such as the marriage relation, which makes the action wholly or to some degree an action in rem; and in such a case the action must necessarily be commenced when service is instituted, not when it is completed. In re Cattell, 146 Ohio St., 112, 64 N. E. (2d), 416, 164 A. L. R., 312.
In the Cattell case, the plaintiff instituted an action for divorce and alimony against her husband. In her petition she set out acts of physical violence by her husband toward her and prayed for an injunction re- • straining him from molesting and interfering with her and the use of the home. On the same day the petition was filed and summons issued, and before its service, the court made an order enjoining the defendant “from molesting and interfering with plaintiff and he'r control and direction of the children in the home, and * * * from interfering with her exclusive use and occupancy of her home- by removing therefrom.” Later, on the same day, the summons, certified copy of the petition and order of injunction were all served *252 personally on the defendant. Later, the husband was found guilty of contempt for refusing to obey the injunction and was sentenced to the county jail. In a habeas corpus proceeding the husband claimed that the court was without jurisdiction to issue the injunction “at the beginning of the action,” and that the injunction was void.
This court in passing upon that issue found that the court was justified in issuing the injunction, and in so doing relied on the provisions of Sections 11876 and 11877 formerly found in Chapter 4 (Injunctions), Division VI (Provisional Remedies), Title IV (Procedure in Common Pleas Court), Part Third (Remedial), General Code. .
Section 11877, General Code (Section 2727.03, Revised Code), provided as follows:
“At the beginning of an action, or at any time before judgment, the injunction may be granted by * * * the Common Pleas Court or a judge thereof * * * upon .its appearing to the court or judge by affidavit of the plaintiff, or his agent, that the plaintiff is entitled thereto.” (Italics supplied.)
However, because an injunction bond had not been given by the plaintiff as required by law, the majority of this court held that the injunction had been improperly issued and reversed the judgment of the Court of Appeals which had held that the injunction issued by the Common Pleas Court was not void, and that the sheriff had the right to the custody of Cattell. Three members of this court dissented on the ground that, since the defendant had a right of appeal from the judgment of the Common Pleas Court holding the defendant in contempt, he could not avail himself of the extraordinary remedy of habeas corpus.
In view of the reasoning and holdings of this court in the Benner, Pennington and Cattell cases above *253 cited, which were all divorce actions, it seems to me that the principle is well established that divorce actions are commenced and are pending at the time the petitions are filed and process is issued thereon, and not at a later date when service is completed. The same principle applies as to the commencement of actions in attachment eases. See Rorick v. Devon Syndicate, Ltd. (Ohio), 307 U. S., 299, 306, 307, 83 L. Ed., 1303, 1308, 1309, 59 S. Ct., 877, 881.
In the instant case, the record discloses that the petition of the husband, Wasili Gehelo, was filed in Ashtabula county on October 30,1951. On January 2, 1952, an affidavit for service by publication was filed. On the same date there was issued a summons, which with a certified copy of the petition was mailed to the defendant at her last known place of residence in Cuyahoga county, and on J anuary 5, 1952, there was mailed to the defendant a copy of a newspaper published in Ashtabula county and containing the first publication of notice of the filing of the petition. Other publications were thereafter regularly made.
The petition in the instant case was not filed until January 18, 1952, and summons was not served until January 23, 1952. In my opinion, under these circumstances, the action in Ashtabula county was commenced first, and that court had prior and exclusive jurisdiction in the matter. The Common Pleas Court of Cuyahoga County was warranted in dismissing the action in that court.
The judgment of the Court of Appeals should be reversed and that of the Common Pleas Court affirmed.